UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES | : |
| | : Crim. No. 05-359-1, -2, -3 (RMU) |
| v. | : |
| | : |
| DOUGLAS JEMAL, ET AL. | : |

GOVERNMENT'S MEMORANDUM
IN AID OF SCHEDULING AND
REQUEST FOR ORDER PERMITTING DISCLOSURE
OF TAX INFORMATION TO DEFENSE UNDER RULE 16
OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

The United States, through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Memorandum to assist the Court in scheduling this case, and requests this Court to permit the Government to provide certain taxpayer and tax return information to the defense under Rule 16 of the Federal Rules of Criminal Procedure.

I. THE UNITED STATES REQUESTS THE COURT
SET A TRIAL DATE

A. Discovery

The United States has already provided substantial discovery and has demonstrated its commitment to satisfying its discovery obligations in this case. The Government has produced a significant portion of the documents that the government intends on introducing at trial. These documents have been marked with trial exhibit stickers, and have been scanned and provided to the defense counsels as "PDF" files.[1] The Government's initial discovery productions has consisted primarily of documents obtained from the following sources:

- Douglas Development Corporation (DDC) records obtained by subpoena;

---

[1] At the time of the filing of this pleading, the Government has provided the disc to counsels for Douglas Jemal and Blake Esherick and has informed counsel for Norman Jemal that the disc is available upon request.

- documents recovered in the course of the execution of search warrants;
- records from financial institutions (banks, credit card accounts) and other third parties, such as retail establishments (jewelry store, hotels), DDC's outside accountants and specific DDC contractors;
- records from the District of Columbia (DC) Government.

Further, as noted in this pleading, the Government is prepared to turn over taxpayer information related to Mr. Esherick when authorized to do so by the Court.

Nearly all the critical documents mentioned in the Indictment were created by the defendants and were obtained by search or subpoena from DDC, with corroborating documents obtained from other sources. Even the DC Government documents consist for the most part of a parallel set of the very documents obtained from the DDC. There is little in the way of surprise in the discovery materials.[2]

There is additional discovery to be provided, primarily to include:

- additional documents recovered in the execution of the search warrants which have been identified and are in the course of being scanned;
- documents/files obtained from DDC's computers;[3]

---

[2] The defense even has substantial knowledge of the testimony of several of the government witnesses. Several DDC employees testified in this case. Each such employee was provided an attorney paid for by DDC. This attorney sat in on the grand jury prep sessions. It is reasonable to conclude that the substance of these witnesses' testimonies has been shared with the defense.

[3] These computers were not seized during the execution of the warrant – they were copied or "imaged" on the scene. Subsequently, the Government provided to DDC counsel identical copies of the computer evidence that had been seized. Although the Government has not as yet specifically identified the computer documents it may use at trial, we note that counsel for DDC has exact copies of the computer evidence in the government's possession.

- certain Grand Jury exhibits;

- documents identified by further review in anticipation of trial.

The volume of these materials is far less than the volume already produced. The Government is moving to prepare these document sets for disclosure consistent with Rule 16.

Finally, the United States is in the process of assembling for inspection and production:

- evidence relating to Michael Lorusso and Fernando Villegas;[4]

- evidence relating to the searches (affidavits, photos, not necessarily trial exhibits).

We assume there may be specific discovery requests.

### B. The Government Requests a Speedy Trial Date

In light of the demonstrated commitment by the Government to provide discovery and the steps it has already taken to do so, and in light of the difficulties in blocking out a time convenient for four busy counsels and this Court, the Government urges this Court to set a trial date at arraignment. The sooner that time is blocked out for this trial (consistent with the need for all parties to have sufficient time to prepare), the more certain the parties can be of a prompt resolution of the charges.[5]

Although the Indictment is long, it is not complex, and its detail serves to assist, not hinder, the preparation of the defense. The Indictment alleges three interrelated schemes: 1) a bribe scheme in which the defendants are alleged to have provided a District of Government official, Michael A.

---

[4] The plea agreements of the two men are in the public record.

[5] The United States estimates this will be a three week trial. To be safe, it may be reasonable to block off four weeks.

Lorusso (Lorusso), numerous items of value return for which Lorusso performed numerous official acts, including the execution of leases and the approval of fraudulent invoices, for the benefit of Douglas Development Corporation (DDC) and the defendants; 2) a fraud involving the submission of a false document to a lender to obtain loan proceeds for the use by Douglas Jemal and Norman Jemal; and 3) a tax evasion scheme involving the compensation of Blake Esherick (Esherick) in a manner so as to evade Esherick's federal taxes.

The Indictment sets forth these allegations in a straightforward manner. The allegations do not present novel legal theories. The case will be presented through witness testimony and a variety of documents, and the factual narrative is not complex. Indeed, many of the critical factual details associated with the government's proof are not likely to be substantially disputed – as, for instance, the fact that the defendants provided Lorusso specific items of value or the fact that Esherick received substantial funds from DDC in addition to his salary. Rather, the disputes in this case, as with many white collar cases, are near certain to center on the defendants' respective intents, e.g., whether the provision of items of value to Lorusso was intended to constitute a bribe, or whether the funds and value provided to Esherick apart from his weekly paycheck was done with the intent to evade Esherick's federal income taxes. We are cautious about making predictions as to how the trial is likely to unfold. Nonetheless, we submit that trial preparation should not be onerous.

### C. Conclusion

The parties have significant resources, and there can be no doubt that the parties can meet any trial and motions schedule set by the Court. We urge the Court to set a trial date at arraignment, and to work from that date to set a motions and hearing schedule.

## II. THE UNITED STATES REQUESTS THE COURT AUTHORIZE THE DISCLOSURE OF TAXPAYER AND TAX RETURN INFORMATION UNDER RULE 16

As part of the investigation, the United States has obtained taxpayer returns and return information related to Mr. Esherick. The Government intends on turning these over as part of discovery in the case, but, in light of the secrecy rules associated with the disclosure of such information, the United States requests permission of this Court to do so. Title 26, United States Code, Section 6103(h)(4)(D) provides that such disclosures may be made "to the extent required by order of a court pursuant to [the Jencks Act] or [R]ule 16 of the Federal Rules of Criminal Procedure, such court being authorized in the issuance of such order to give due consideration to congressional policy favoring the confidentiality of returns and return information as set forth in this title." We request the Court sign the attached Order to permit such disclosure.[6]

WHEREFORE, we request the Court consider this Memorandum and provide the relief requested.

RESPECTFULLY SUBMITTED,

KENNETH L. WAINSTEIN
DC Bar No. 451058.
UNITED STATES ATTORNEY

By: _____
MARK H. DUBESTER
ASSISTANT UNITED STATES ATTORNEY
DC Bar No. 339655
555 Fourth Street, N.W., Room 5917
Washington, D.C. 20530
Ph. (202) 514-7986

---

[6] At arraignment, the Government will present standard booking Orders for the three defendants.

CERTIFICATE OF SERVICE

    I hereby certify that I have caused to be sent by fax or by electronic means a copy of the attached pleading, to:

Michele Roberts, Esq.
Counsel for Douglas Jemal
Akin Gump
1333 New Hampshire Avenue, NW
Washington, DC 20036

Christopher Mead, Esq.
Counsel for Douglas Jemal
London & Meade
1225 19th Street, NW, Suite 320
Washington, DC  20036

Paul Kemp, Esq.
Counsel for Blake C. Esherick
Venable LLP
One Church Street,
Rockville, MD   20850

Stan Brand, Esq.
Counsel for Norman D. Jemal
923 15th Street, NW
Washington, DC   20005

this 20th day of October, 2005.

                                                                _____
Mark H. Dubester
Assistant United States Attorney
DC Bar No. 339655
555 Fourth Street, NW
Rm. 5917
Washington, DC 20001
(202) 514-7986