UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES, | ) )  )  |
| v. | ) ) Crim. No. 05-359-1, -2, -3 (RMU) |
| DOUGLAS JEMAL, et al., | ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS' MOTION TO DISMISS COUNTS ONE
AND TWO OF THE INDICTMENT FOR FAILURE TO STATE AN OFFENSE**

Defendants Douglas Jemal, Norman D. Jemal, and Blake Esherick ("Defendants"), through counsel, hereby move this Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B), to dismiss Counts One and Two of the Indictment for failure to state an offense, because those charges fail to allege an explicit *quid pro quo*, as required by the bribery statute, 18 U.S.C. § 201(b)(1).

Defendants respectfully request oral argument on this motion. A proposed Order is attached.

Respectfully submitted,

_____
Reid H. Weingarten (D.C. Bar #365893)
Erik L. Kitchen (D.C. Bar #292847)
Brian M. Heberlig (D.C. Bar #455381)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795
(202) 429-3000

Michele A. Roberts
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 887-4306

Christopher B. Mead
London & Mead
1225 19th Street, N.W.
Suite 320
Washington, D.C. 20036
(202) 331-3334

Counsel for Douglas Jemal


Stanley M. Brand
Ross Nabatoff
The Brand Law Group
923 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 662-9700

Counsel for Norman Jemal


Paul Kemp
Carol Elder Bruce
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4400

Counsel for Blake Esherick


Dated: December 22, 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES, <br><br> v. <br><br> DOUGLAS JEMAL, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) Crim. No. 05-359-1, -2, -3 (RMU) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS COUNTS ONE AND
TWO OF THE INDICTMENT FOR FAILURE TO STATE AN OFFENSE**

The Court should dismiss Counts One and Two of the Indictment, alleging conspiracy to commit bribery and bribery, because the Indictment fails to allege the specific *quid pro quo* required to state an offense under the bribery statute, 18 U.S.C. § 201(b)(1). Instead, the Indictment alleges that the Defendants provided things of value to a public official to procure his services "on an 'as needed basis,' so that when the opportunity presented itself" the official would act on Defendants' behalf on official matters. Indictment at 6 (¶ 16). Such allegations do not constitute bribery under federal law. Accordingly, Counts One and Two must be dismissed.

I.      THE INDICTMENT

The Defendants are principals in the Douglas Development Corporation ("DDC"), a private company that develops, leases and manages commercial real estate, including numerous properties in the District of Columbia. Indictment at 1-2 (¶¶ 1-4). During the events at issue, Michael Lorusso ("Lorusso") was the Deputy Director of the District of Columbia's Office of Property Management ("OPM") and responsible for, among other things, leasing office space for

use by D.C. government agencies.  <u>Id.</u> at 3 (¶ 7).  The Indictment alleges that the Defendants improperly provided various things of value to Lorusso in return for a series of official actions related to real estate transactions between DDC and the District of Columbia.

Specifically, Counts One and Two of the Indictment allege that the Defendants conspired to bribe a public official, in violation of 18 U.S.C. § 371 (Count One), and bribed a public official, in violation of 18 U.S.C. § 201(b)(1)(A) & (C) (Count Two).  However, the Indictment does not allege that the Defendants gave any particular thing of value to Lorusso in exchange for any specific official action.  Rather, Count One alleges that between May 2001 and late-2002, the Defendants gave a series of things of value to Lorusso, <u>see</u> Indictment at 5-6 (¶ 15), and that Lorusso performed a series of official actions to benefit DDC.  <u>See</u> Indictment at 6-8 (¶ 16).  Similarly, Count Two alleges -- in a single count of bribery -- that during the same nineteen-month period, the Defendants gave eleven things of value to Lorusso, purportedly to influence Lorusso in the performance of five general categories of "actions in the nature of" certain official acts, as well as other unspecified "numerous routine actions involving the exercise of discretion . . . ." Indictment at 14-15.  Count Two fails to allege any specific official acts that fall within these general categories.

On its face, the Indictment makes clear that the things of value the Defendants allegedly provided to Lorusso were not tied to any specific official action.  Instead, Count One alleges that the Defendants gave Lorusso the various things of value "to obtain Lorusso's services on an 'as needed' basis, so that when the opportunity presented itself Lorusso would take action" on behalf of DDC and Defendant Douglas Jemal.  Indictment at 6, ¶ 16; <u>see also</u> Indictment at 15 (Count Two alleges that Defendants provided Lorusso with the listed things of

value "so that when the opportunity presented itself, Lorusso would take actions on" behalf of DDC and Defendant Douglas Jemal).

In addition, the Indictment alleges that the Defendants provided many of the things of value at issue to Lorusso <u>after</u> he allegedly took official action on Defendants' behalf. For instance, the Indictment alleges that the Defendants provided various things of value to Lorusso in February 2002, May 2002 and late-2002, but that many of the official acts that Lorusso supposedly provided in return took place months earlier in 2001. Indictment at 5-8 (¶¶ 15-16).

## II. ARGUMENT

### A. Counts One And Two Fail To Allege The Specific *Quid Pro Quo* Required To State The Offense Of Bribing A Public Official

The Defendants are charged with violating and conspiring to violate the federal bribery statute, which provides in relevant part:

> Whoever– (1) directly or indirectly, corruptly gives, offers or promises anything of value to any public official . . . with intent–
> (A) to influence any official act; or . . . (C) to induce such public official . . . to do or omit to do any act in violation of the lawful duty of such official . . . shall be . . . imprisoned for not more than fifteen years . . . .

18 U.S.C. § 201(b)(1)(A) & (C).

The Supreme Court has stated that this bribery statute requires "a *quid pro quo* -- a specific intent to give or receive something of value *in exchange* for an official act." <u>United States v. Sun-Diamond Growers</u>, 526 U.S. 398, 404 (1999). The Supreme Court's decision confirmed what the D.C. Circuit had long recognized, that "[t]he bribery section makes necessary an explicit *quid pro quo* which need not exist if only an illegal gratuity is involved; the

briber is the mover or producer of the official act . . . ." United States v. Brewster, 506 F.2d 62, 72 (D.C. Cir. 1974).

At issue in Sun-Diamond was whether the illegal gratuities statute, 18 U.S.C. § 201(c), which prohibits giving something of value to a public official "for or because of any official act performed or to be performed by such public official," prohibited the giving of gratuities merely because of a public official's position or status without any showing of a nexus between the thing of value and a specific official act. 526 U.S. at 399. The Supreme Court held that the statute did not prohibit such gifts, but rather required the government to provide a link between the thing of value and "a specific 'official act' for or because of which it was given." Id. at 414. In so ruling, the Court specifically rejected the government's position that the statute prohibited:

- a gratuity provided to a public official "to build a reservoir of goodwill that might ultimately affect one or more of a multitude of unspecified acts, now and in the future,"

- "'any effort to buy favor or generalized goodwill from an official who either has been, is, or may at some unknown, unspecified later time, be *in a position to act* favorably to the giver's interests,'" or

- a gratuity that was "'motivated, at least in part, by the recipient's *capacity to exercise governmental power or influence* in the donor's favor' without necessarily . . . [being] connected to a particular official act."

Id. at 405-06 (holding that the government's interpretation "does not fit comfortably within the statutory text"). Given its greater penalties and higher *quid pro quo* intent standard, the bribery statute necessarily does not prohibit the same types of payments to public officials that the Supreme Court excluded from the reach of the gratuities statute in Sun-Diamond.

- 4 -

Indeed, following Sun-Diamond, the D.C. Circuit confirmed that the bribery statute requires the thing of value to be linked explicitly to a specific official action, stating that:

> bribery requires a *quid pro quo*, and accordingly can be seen as having a two-way nexus. That is, bribery typically involves an intent to affect the future actions of a public official through giving something of value, and receipt of that thing of value then motivates the official act.

United States v. Shaffer, 183 F.3d 833, 841 (D.C. Cir. 1999), vacated as moot by Presidential pardon, 240 F.3d 245 (D.C. Cir. 2001); see also United States v. Alfisi, 308 F.3d 144, 149 (2d Cir. 2002) ("bribery involves the giving of value to procure a specific official action from a public official.") (emphasis added).

The payments described in the conspiracy and bribery charges in the Indictment are indistinguishable from the gifts the Supreme Court deemed insufficient to violate the gratuities statute in Sun-Diamond. Specifically, the Indictment alleges that the Defendants provided things of value to Lorusso to obtain his services "on an 'as needed' basis, so that when the opportunity presented itself," Lorusso would take official action on Defendants' behalf. Indictment at 6 (¶ 16). This allegation makes clear that the specific opportunity or official act *had not* presented itself at the time of any particular alleged gift, and that the payments were necessarily motivated by the desire to generate goodwill with Lorusso, so that he would act in the Defendants' favor at some unknown, unspecified time in the future with respect to then-unidentified official acts. The bribery statute, with its specific *quid pro quo* requirement, does not prohibit such payments.

**B.    The Bribery Statute Prohibits Only Payments That Influence Future Official Acts, Not Rewards For Past Performance**

The D.C. Circuit has long recognized that the bribery statute applies only to payments intended to influence future official acts. To be covered by the bribery statute, the bribe payment must be "the mover or producer of the official act." Brewster, 506 F.2d at 72. In contrast, "[t]he gratuity section [], unlike the bribery section [], applies to past official acts as well as future ones." Id. at 68 (emphasis added); see also United States v. Sun-Diamond Growers, 138 F.3d 961, 966 (D.C. Cir. 1998) (stating that the gratuity statute, "in contrast to bribery," applies to a payment "for a past government favor"), aff'd, 526 U.S. 398 (1999). The D.C. Circuit confirmed this interpretation after the Supreme Court decided Sun-Diamond, stating:

> Bribery is entirely future-oriented, while gratuities can be either forward or backward looking. In other words, whereas bribery involves the present giving, promise, or demand of something in return for some action in the future, an unlawful gratuity can [apply to past or future official acts].

Shaffer, 183 F.3d at 841.

In this case, however, the bribery charges in the Indictment allege that several of the payments at issue took place long after Lorusso supposedly performed the alleged official acts. For instance, one of the official acts identified in the Indictment is the allegation that Lorusso caused the D.C. government to lease 4800 Addison Road, Capitol Heights, Maryland, a property owned by a company in which Defendant Douglas Jemal had a 80% interest, for use as a vehicle impound lot. Indictment at 7 (¶ 16(a)). Documents provided by the government in discovery indicate that the lease at issue was formally proposed by DDC on May 24, 2001 and executed on August 15, 2001. This "official act" took place long before the Defendants

allegedly gave Lorusso the vast majority of the things of value identified in the Indictment, most of which occurred in late-2001 or 2002. See Indictment at 5-6 (¶ 15(d)-(k)). Similarly, the alleged official acts include Lorusso causing the D.C. government to pay five purportedly fraudulent DDC invoices dated between July 2001 and September 2001. Indictment at 7-8 (¶ 16(e)(i)-(v)). Again, however, these invoices and payments occurred well before the Defendants allegedly gave Lorusso things of value in October 2001, February 2002, May 2002, and other unspecified dates in 2002 or "late-2002." See Indictment at 5-6 (¶ 15(d)-(k)).

These alleged payments that occurred several months after Lorusso performed the alleged official acts on behalf of the Defendants could not possibly have "motivate[d] the official act," Shaffer, 183 F.3d at 841, or been "the mover or producer of the official act." Brewster, 506 F.2d at 72. The Indictment is fatally flawed because it alleges, as bribery, that several payments were intended to "influence" official acts or "induce" Lorusso to do or omit to do official acts that <u>had already taken place several months earlier</u>. Such payments do not constitute bribery.

    C.    **The Fourth Circuit Authority Upon Which The Indictment Appears To Be Based Is Fundamentally Inconsistent With *Sun-Diamond* And Other Controlling Precedent**

The bribery theory in the Indictment appears to be based on a Fourth Circuit case involving 18 U.S.C. § 666, in which the court stated in dicta that the bribery statute set forth in 18 U.S.C. § 201 covered payments "made with the intent to retain the official's services on an 'as needed' basis, so that whenever the opportunity presents itself the official will take specific action on the payor's behalf." United States v. Jennings, 160 F.3d 1006, 1014 (4th Cir. 1998); accord United States v. Quinn, 359 F.3d 666, 673-74 (4th Cir. 2004); compare Indictment at 6 (¶ 16) (alleging that the Defendants made payments "to obtain Lorusso's services on an 'as needed' basis, so that when the opportunity presented itself Lorusso would take action" on

Defendants' behalf). The Court should reject the Fourth Circuit's dicta in Jennings because it is fundamentally inconsistent with the Supreme Court's decision in Sun-Diamond and other controlling D.C. Circuit precedent.

In Jennings, the Fourth Circuit suggested that to prove bribery, "the government need not show that the defendant intended for his payments to be tied to specific official acts (or omissions)," and that "each payment need not be correlated with a specific official act." 160 F.3d at 1014. Instead, the court stated that the bribery statute is satisfied merely by a showing that a payment was made to secure "a specific *type* of official action or favor in return." Id. The Fourth Circuit's analysis is inconsistent with the language of the bribery statute -- which the Fourth Circuit made no attempt to analyze in Jennings -- as the Supreme Court made clear in its comprehensive statutory analysis in Sun-Diamond.

The bribery statute prohibits a payment made corruptly "to influence *any official act*." 18 U.S.C. § 201(b)(1)(A) (emphasis added). In Sun-Diamond, the Supreme Court interpreted similar language in the gratuities statute, which prohibits a payment made "for or because of *any official act*." 18 U.S.C. § 201(c)(1)(A) (emphasis added). As set forth above, the government in Sun-Diamond had contended that this statutory language did not require the government to prove that the payment was "connected to a particular act." 526 U.S. at 406. The Supreme Court rejected this interpretation of the statute, holding:

> In our view, this interpretation does not fit comfortably with the statutory text, which prohibits only gratuities given or received 'for or because of *any official act* performed or to be performed' (emphasis added). It seems to us that this means 'for or because of some particular official act of whatever identity' -- just as the question 'Do you like any composer?' normally means 'Do you like some particular composer?' It is linguistically possible, of course, for the phrase to mean 'for or because of official acts in general, without specification as to which one' -- just as the question 'Do you like any composer?' could mean 'Do you like all

- 8 -

> composers, no matter what their names or music?' But the former seems to us the more natural meaning, especially given the complex structure of the provision before us here. . . . The insistence upon an 'official act,' carefully defined, seems pregnant with the requirement that some particular official act be identified and proved.

Id. This interpretation applies with equal force to the bribery statute, which contains the identical "any official act" statutory language. 18 U.S.C. § 201(b)(1)(A).

The Fourth Circuit's dicta in Jennings cannot be squared with the Supreme Court's holding in Sun-Diamond. Compare Sun-Diamond, 526 U.S. at 414 (to establish a violation of the gratuities statute, "the Government must prove a link between a thing of value conferred upon a public official and a specific 'official act' for or because of which it was given."), with Jennings, 160 F.3d at 1014 (to establish a violation of the bribery statute, "each payment need not be correlated with a specific official act.").

The Fourth Circuit's interpretation is also inconsistent with D.C. Circuit authority with respect to the temporal focus of the statute. The Fourth Circuit stated that under the bribery statute, "the timing of the payment in relation to the official act for which it is made is (in theory) irrelevant." Jennings, 160 F.3d at 1014. However, as set forth in greater detail in Section II(B) above, the D.C. Circuit has explicitly recognized that "[b]ribery is entirely future-oriented . . . involv[ing] the present giving, promise, or demand of something in return for some action in the future . . . ." Shaffer, 183 F.3d at 841. The Fourth Circuit's interpretation is inconsistent with this requirement of an explicit *quid pro quo*.

The Court should decline to expand the reach of the bribery statute to cover payments that are not linked to any particular official act. To the extent there is any ambiguity as to whether the statute reaches such payments, a proposition Defendants dispute, the Court should take guidance from the Supreme Court's statement in Sun-Diamond that "a statute in this field

that can linguistically be interpreted to be either a meat axe or a scalpel should reasonably be taken to be the latter." 526 U.S. at 412. That statement carries even greater force when applied to the bribery statute, which carries more severe penalties than the gratuities statute at issue in Sun-Diamond.

**III.    CONCLUSION**

For the foregoing reasons, the Court should dismiss Counts One and Two of the Indictment for failure to state an offense.

Respectfully submitted,

_____
Reid H. Weingarten (D.C. Bar #365893)
Erik L. Kitchen (D.C. Bar #292847)
Brian M. Heberlig (D.C. Bar #455381)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795
 (202) 429-3000

Michele A. Roberts
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 887-4306

Christopher B. Mead
London & Mead
1225 19th Street, N.W.
Suite 320
Washington, D.C. 20036
(202) 331-3334

Counsel for Douglas Jemal

        Stanley M. Brand
        Ross Nabatoff
        The Brand Law Group
        923 Fifteenth Street, N.W.
        Washington, D.C. 20005
        (202) 662-9700

        Counsel for Norman Jemal


        Paul Kemp
        Carol Elder Bruce
        Venable LLP
        575 7th Street, N.W.
        Washington, D.C. 20004
        (202) 344-4400

        Counsel for Blake Esherick


Dated:  December 22, 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES,** ) | |
| ) | |
| v. ) | Crim. No. 05-359-1, -2, -3 (RMU) |
| ) | |
| **DOUGLAS JEMAL, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

# ORDER

Upon consideration of Defendants' Motion To Dismiss Counts One And Two Of The Indictment For Failure To State An Offense, the Government's Opposition and Defendants' Reply thereto, it is HEREBY ORDERED that Defendants' motion is GRANTED, and Counts One and Two are DISMISSED.

SO ORDERED.

                                                      Ricardo M. Urbina
                                                    UNITED STATES DISTRICT JUDGE

copies to:

Mark H. Dubester, Esq.
Assistant United States Attorney
U.S. Attorney's Office for the
District of Columbia
555 Fourth Street, N.W.
Room 5917
Washington, D.C. 20001

Reid H. Weingarten
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795

- 2 -

Stanley M. Brand
The Brand Law Group
923 Fifteenth Street, N.W.
Washington, D.C. 20005

Paul Kemp
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004

- 2 -