UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES,** | ) ) ) | |
| v. | ) ) | Crim. No. 05-359-1, -2, -3 (RMU) |
| **DOUGLAS JEMAL, et al.,** | ) ) ) | |
| **Defendants.** | ) ) | |

**DEFENDANTS' MOTION TO STRIKE SURPLUSAGE**

Defendants Douglas Jemal, Norman D. Jemal, and Blake Esherick ("Defendants"), through counsel, hereby move this Court, pursuant to Federal Rule of Criminal Procedure 7(d), to strike as surplusage the following terms and allegations in the Indictment:

I.  Terms Suggesting Uncharged Misconduct

   A.  Count One

   1. "and others known and unknown to the grand jury" (Page 4 (¶ 13));

   2. "among others" (Page 5, Manners and Means);

   3. "including" (Page 5 (¶ 15));

   4. "providing other items of value not specified above" (Page 6 (¶ 15(l));

   5. "among others" (Page 6 (¶ 16));

   6. "including the following" (Page 7 (¶ 16(e));

   7. "otherwise taking steps to benefit Douglas Development in connection with the numerous routine issues involving and relating to the DC Government's leasing of space through Douglas Development" (Page 8 (¶ 16(g));

   8. "among others" (Page 10, Overt Acts).

    B.    Count Two

        1.    "to include" (Page 15);

        2.    "numerous routine actions involving the exercise of discretion in connection with the DC Government's relationship with Douglas Development" (Page 15 (¶ (v)).

    C.    Count Six

        1.    "and others" (Page 29 (¶ 6)).

    D.    Count Seven

        1.    "and others" (Page 32 (¶ 3)).

    E.    Count Eight

        1.    "and others" (Page 36 (¶ 3)).

II.    <u>Tax Evasion Allegations In Count One</u>

    F.    The paragraphs alleging that Defendants Douglas Jemal and Norman D. Jemal "obtained the services" and "the personal loyalty" of Defendant Blake Esherick, purportedly to induce him to participate in the bribery conspiracy, by engaging in the same conduct alleged separately in Counts Six through Eight (Pages 8-10, Manners and Means (¶¶ 17-18)).

    G.    The "overt acts" relating to the tax evasion allegation (Page 13, Overt Acts (¶¶ 18-20)).

Defendants respectfully request oral argument on this motion. A proposed Order is attached.

                              Respectfully submitted,

                              _____
                              Reid H. Weingarten (D.C. Bar #365893)
                              Erik L. Kitchen (D.C. Bar #292847)
                              Brian M. Heberlig (D.C. Bar #455381)
                              Steptoe & Johnson LLP
                              1330 Connecticut Avenue, N.W.
                              Washington, D.C. 20036-1795
                              (202) 429-3000

        Michele A. Roberts
        Akin Gump Strauss Hauer & Feld LLP
        1333 New Hampshire Avenue, N.W.
        Washington, D.C. 20036
        (202) 887-4306

        Christopher B. Mead
        London & Mead
        1225 19th Street, N.W.
        Suite 320
        Washington, D.C. 20036
        (202) 331-3334

        Counsel for Douglas Jemal


        Stanley M. Brand
        Ross Nabatoff
        The Brand Law Group
        923 Fifteenth Street, N.W.
        Washington, D.C. 20005
        (202) 662-9700

        Counsel for Norman Jemal


        Paul Kemp
        Carol Elder Bruce
        Venable LLP
        575 7th Street, N.W.
        Washington, D.C. 20004
        (202) 344-4400

        Counsel for Blake Esherick

Dated: December 22, 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES,** ) | |
| ) | |
| v. ) | Crim. No.  05-359-1, -2, -3 (RMU) |
| ) | |
| **DOUGLAS JEMAL, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION TO STRIKE SURPLUSAGE**

Defendants respectfully request that this Court, pursuant to Fed. R. Crim. P. 7(d), strike from the Indictment (1) terms suggesting uncharged misconduct, and (2) allegations in Count One relating to tax evasion, because these terms and allegations are prejudicial surplusage.

**II.     DISCUSSION**

      **A.     The Court Has Broad Discretion To Strike Surplusage**

Fed. R. Crim. P. 7(d) provides that "[t]he court on motion of the defendant may strike surplusage from the indictment."  Rule 7(d) is "a means of protecting the defendant against immaterial or irrelevant allegations in an indictment or information, which may, however, be prejudicial."  Fed. R. Crim. P. 7 (Original (1946) committee note to subdivision (d)).  A court has "wide discretion" to strike surplusage that is prejudicial and inflammatory, irrelevant or immaterial to the charges in the indictment.  United States v. Poindexter, 725 F. Supp. 13, 35 (D.D.C. 1989); see also United States v. Espy, 989 F. Supp. 17, 35 (D.D.C. 1997) ("Fed. R. Crim. P. 7(d) provides the court with wide discretion to strike terms of language that are

immaterial or irrelevant to the indictment at issue."), aff'd in part and rev'd in part on other grounds, 145 F.3d 1369 (D.C. Cir. 1998); United States v. Watt, 911 F. Supp. 538, 553 (D.D.C. 1995) ("A district court may strike language from an indictment if that language contains 'prejudicial allegations that are neither relevant nor material to the charges made in an indictment.'") (citation omitted).

The terms and allegations that the Defendants move to strike are irrelevant to the substantive counts charged in the Indictment. The only possible purpose of such allegations is to prejudice the Defendants by inflaming the jury's sympathies and creating the illusion that the Defendants are charged with violations beyond those expressly articulated in the Indictment. Accordingly, this Court should exercise its discretion under Rule 7(d) to strike the offending terms from the Indictment.

### B. Surplusage In The Indictment

#### 1. Terms Suggesting Uncharged Misconduct

Terms that "could improperly indicate to a jury that the defendant[] [was] charged with offenses and conduct in addition to those actually listed in the indictment" should be stricken from an indictment as irrelevant and prejudicial. Poindexter, 725 F. Supp. at 35. On several occasions, courts in this District have struck from indictments words indicative of additional uncharged misconduct, such as "'among other things,' 'among others,' 'among,' 'at least,' 'including,' 'included but not limited to,' 'in part,' and 'various.'" Id.; see also United States v. Whitehorn, 710 F. Supp. 803, 819 (D.D.C.), rev'd on other grounds, 888 F.2d 1406 (D.C. Cir. 1989); United States v. Hubbard, 474 F. Supp. 64, 82 (D.D.C. 1979). Such terms have been stricken as "both prejudicial to [the defendant] and unnecessary to the indictment."

Whitehorn, 710 F. Supp. at 819. Indeed, as the Court as held, "striking these terms from the indictment . . . crystallize[s] the charges and . . . better inform[s] the jury of the essential substance of the indictment." Espy, 989 F. Supp. at 35.

The government's repeated use of similar phrases in this Indictment is highly prejudicial to the Defendants. For example, the Indictment alleges that the Defendants "provid[ed] other items of value not specified above" in connection with the bribery conspiracy alleged in Count One. Indictment at 6 (¶ 15(l)); see also id. at 5 (¶ 15) (alleging that Defendants "took a variety of actions to provide things of value to Michael A. Lorusso, including") (emphasis added). These allegations create the misleading impression that the Defendants are charged with providing other "items of value" to Michael Lorusso, when in fact, the substantive bribery count charges the Defendants with providing only certain specifically enumerated items. See Indictment at 14-15.

Similarly, the Indictment alleges that the enumerated official acts that Lorusso performed for Defendants' benefit were merely "among others," and that Lorusso took additional "numerous routine actions" that are not specified in the Indictment. Indictment at 6 (¶ 16), 15 (¶ (v)); see also id. at 8 (¶ 16(g)) (alleging that the official acts include "[o]therwise taking steps of benefit to Douglas Development . . ." not specified in the Indictment). Such open-ended allegations give the misleading and prejudicial impression that the Defendants engaged in uncharged criminal conduct.

Equally prejudicial and irrelevant are the allegations that "others known and unknown to the grand jury" participated in the conspiracy charged in Count One, and that "others" acted with Defendants Douglas Jemal and Blake Esherick to evade taxes, as charged in Counts Six through Eight. Indictment at 4 (¶ 13); 29 (¶ 6); 32 (¶ 3); 36 (¶ 3). These allegations

prejudicially insinuate that the Indictment charges broader schemes against an array of alleged conspirators rather than the more narrow charges alleged against the Defendants.

The Defendants are greatly prejudiced by the suggestion that they engaged in uncharged criminal acts in addition to those explicitly alleged in the substantive counts of the Indictment.  Moreover, the use of such terms and phrases deprives the Defendants of the proper notice required in an Indictment and hampers their ability to prepare a defense.  Accordingly, the Court should strike all allegations in the Indictment suggesting uncharged conduct.

### 2.  Irrelevant And Prejudicial Tax Evasion Allegations In The Bribery Conspiracy Charged In Count One

This Court should strike the allegations relating to tax evasion from the bribery conspiracy alleged in Count One because the tax allegations are irrelevant to the alleged bribery scheme and prejudicial to the Defendants.[1]  See Indictment at 8-9 (¶¶ 17-18), 13 (¶¶ 18-20).

These allegations simply rehash the tax evasion allegations charged as substantive offenses in Counts Six through Eight of the Indictment.  A court in this District faced a similar situation in United States v. Trie, 21 F. Supp. 2d 7 (D.D.C. 1998), where the defendant was charged with a conspiracy to cause the filing of false campaign finance reports with the Federal Election Commission and substantive false statement offenses based on those reports.  Separate mail fraud charges in the indictment included an allegation relating to the false campaign finance reports.  The court struck the allegation as surplusage, stating:

---

[1] Defendants have also moved to sever these allegations to be tried separately with the tax evasion counts (Counts Six through Eight).  The Court need only consider Defendants' motion to strike these allegations if it denies Defendants' motion to sever.

>the statement in paragraph 11 that Mr. Trie "caused the DNC to file false campaign finance reports with the FEC" is irrelevant to the mail and wire fraud counts. While this allegation goes to the heart of the conspiracy to defraud the United States charged in Count 1 and the false statements charged in Counts 9-11, it is completely irrelevant to the scheme to defraud the DNC alleged in Counts 2-8.  Since each count in an indictment is regarded as if it was a separate indictment and must stand on its own, the fact that this conduct is relevant to Counts 1 and 9-11 does not matter in evaluating its relevance here. The paragraph also is prejudicial, since it suggests the inclusion of offenses which are separately charged by the government under Counts 1 and 9-11.  This paragraph therefore is both irrelevant and prejudicial and will be stricken from the indictment.

Id. at 20-21 (citations and quotations omitted); see also United States v. Weinberger, Crim. Action. No. 92-235, 1992 WL 294877, at *7 (D.D.C. Sept. 29, 1992) ("Language that serves no purpose and encourages a jury to draw inferences that a defendant was involved in collateral activities irrelevant to the indictment may be stricken.").

Similarly, in this case, the tax evasion allegations included in the conspiracy to commit bribery charged in Count One are merely a summary or composite of the allegations charged as substantive tax evasion counts in Counts Six through Eight.  The Court should strike these allegations because they are completely irrelevant to the alleged bribery scheme and prejudicial.  The Indictment purports to establish relevance by stating that the payments by Defendants Douglas and Norman Jemal to allegedly assist Defendant Esherick in evading taxes also served the purpose of "obtain[ing] the services" and the "personal loyalty" of Defendant Esherick to induce him to participate in the alleged bribery scheme.  Indictment at 8-9 (¶ 18).  As set forth in greater detail in Defendants' Motion to Sever Counts, these tax evasion "allegations" in Count One are speculative and more akin to argument than legitimate factual allegations.

These allegations have no place in the bribery conspiracy and should be stricken from the Indictment.

### III. CONCLUSION

For the foregoing reasons, the Court should strike as surplusage the terms in the indictment set forth in the attached Motion.

Respectfully submitted,

_____
Reid H. Weingarten (D.C. Bar #365893)
Erik L. Kitchen (D.C. Bar #292847)
Brian M. Heberlig (D.C. Bar #455381)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795
(202) 429-3000

Michele A. Roberts
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 887-4306

Christopher B. Mead
London & Mead
1225 19th Street, N.W.
Suite 320
Washington, D.C. 20036
(202) 331-3334

Counsel for Douglas Jemal

Stanley M. Brand
Ross Nabatoff
The Brand Law Group
923 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 662-9700

Counsel for Norman Jemal


Paul Kemp
Carol Elder Bruce
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4400

Counsel for Blake Esherick

Dated:  December 22, 2005

- 7 -

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES,** | ) )  ) |
| v. | ) )   Crim. No.  05-359-1, -2, -3 (RMU) ) |
| **DOUGLAS JEMAL, et al.,** | ) ) |
| **Defendants.** | ) ) |

## ORDER

Upon consideration of Defendants' Motion To Strike Surplusage, the Government's Opposition, and Defendants' Reply thereto, it is HEREBY ORDERED that Defendants' motion is GRANTED, and it is further ORDERED that the following terms and allegations will be and hereby are stricken from the Indictment as surplusage:

I.   Terms Suggesting Uncharged Conduct

   A.   Count One

   1.   "and others known and unknown to the grand jury" (Page 4 (¶ 13));

   2.   "among others" (Page 5, Manners and Means);

   3.   "including" (Page 5 (¶ 15));

   4.   "providing other items of value not specified above" (Page 6 (¶ 15(l));

   5.   "among others" (Page 6 (¶ 16));

   6.   "including the following" (Page 7 (¶ 16(e));

   7.   "otherwise taking steps to benefit Douglas Development in connection with the numerous routine issues involving and relating to the DC Government's leasing of space through Douglas Development" (Page 8 (¶ 16(g));

   8.   "among others" (Page 10, Overt Acts).

B.   Count Two

1.   "to include" (Page 15);

2.   "numerous routine actions involving the exercise of discretion in connection with the DC Government's relationship with Douglas Development" (Page 15 (¶ (v)).

C.   Count Six

1.   "and others" (Page 29 (¶ 6)).

D.   Count Seven

1.   "and others" (Page 32 (¶ 3)).

E.   Count Eight

1.   "and others" (Page 36 (¶ 3)).

II.   Tax Evasion Allegations In Count One

A.   Paragraphs 17 and 18 of the Manners and Means section of Count One.

B.   Paragraphs 18 through 20 of the Overt Acts section of Count One.

SO ORDERED.

_____
Ricardo M. Urbina
UNITED STATES DISTRICT JUDGE

copies to:

Mark H. Dubester, Esq.
Assistant United States Attorney
U.S. Attorney's Office for the
District of Columbia
555 Fourth Street, N.W.
Room 5917
Washington, D.C. 20001

Reid H. Weingarten
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795

- 3 -

Stanley M. Brand
The Brand Law Group
923 Fifteenth Street, N.W.
Washington, D.C. 20005

Paul Kemp
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004