UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES, ) <br> ) <br> v. ) <br> ) <br> DOUGLAS JEMAL, et al., ) <br> ) <br> Defendants. ) <br> ) | Crim. No. 05-0359-1, -2, -3 (RMU) |

## DEFENDANTS DOUGLAS JEMAL'S AND BLAKE ESHERICK'S
## RENEWED MOTION TO SEVER COUNTS SIX, SEVEN, AND EIGHT

Defendants Douglas Jemal and Blake Esherick (collectively, "Defendants"), through counsel, hereby move this Court to sever Counts Six through Eight ("the "Tax Evasion Counts") from the remaining charges in the indictment to avoid the substantial prejudice that the Defendants will incur if they have to submit a Joint Pretrial Statement on July 18, 2006, prior to receiving a final version of the revenue agent's report on the amount of tax allegedly owed by Blake Esherick.

Defendant Norman Jemal consents to this motion.

The Defendants respectfully request oral argument on this motion. A proposed Order is attached.

Respectfully submitted,

*Lawrence B. Bernard*

Paul F. Kemp (D.C. Bar # 922773)
Carol Elder Bruce (D.C. Bar #202200)
Lawrence B. Bernard (D.C. Bar #181636)
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000

Counsel for Blake Esherick


Reid H. Weingarten (D.C. Bar #365893)
Brian M. Heberlig
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795
(202) 429-3000

Michele A. Roberts
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 887-4306

Christopher B. Mead
London & Mead
1225 19th Street, N.W.
Suite 320
Washington, D.C. 20036
(202) 331-3334

Counsel for Douglas Jemal

Dated: June 30, 2006

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of June 2006, a true and complete copy of the foregoing *Defendants Douglas Jemal's and Blake Esherick's Renewed Motion to Sever Counts Six, Seven, and Eight, Memorandum of Law in Support thereof, and proposed Order* was served via the Court's ECF filing system on the following:

Mark H. Dubester
Assistant United States Attorney
U.S. Attorney's Office for the
District of Columbia
555 Fourth Street, N.W.
Room 5917
Washington, D.C. 20001

Reid H. Weingarten
Erik L. Kitchen
Brian M. Heberlig
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795

*Counsel for Defendant Douglas Jemal*

Michelle Roberts
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036

*Counsel for Defendant Douglas Jemal*

Christopher B. Mead
London & Mead
1225 19th Street, N.W.
Suite 320
Washington, D.C. 20036

*Counsel for Defendant Douglas Jemal*

Stanley M. Brand
Ross Nabatoff
The Brand Law Group
923 Fifteenth Street, N.W.
Washington, D.C. 20005

*Counsel for Defendant Norman Jemal*

_____
Mara B. Zusman

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES, ) | |
| ) | |
| v. ) | Crim. No. 05-0359-1, -2, -3 (RMU) |
| ) | |
| DOUGLAS JEMAL, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS DOUGLAS JEMAL'S AND BLAKE ESHERICK'S RENEWED MOTION TO SEVER COUNTS SIX, SEVEN, AND EIGHT

Defendants Douglas Jemal ("Mr. Jemal") and Blake Esherick ("Mr. Esherick," collectively, "Defendants"), through counsel, hereby submit this memorandum to supplement their pending motion to sever Counts Six through Eight ("the "Tax Evasion Counts") from the remaining charges in the indictment.

Pursuant to the Federal Rules of Criminal Procedure, the Government is obligated to produce to the Defendants items material to preparing the defense and items the government intends to use in its case-in-chief at trial. *See* Fed. R. Crim. P. 16(E). The Government has violated this Rule by failing to produce a final version of the internal revenue agent's report specifying the amount of tax allegedly owed by Mr. Esherick. The Government has produced a draft version of the revenue agent's report, but the Government only produced this draft on June 28, 2006. The Government's failure to provide a final version of the revenue agent's report in a timely fashion significantly prejudices the Defendants' ability to prepare for trial. The Court should use its discretion to remedy this prejudice by severing the Tax Evasion Counts.

## I. BACKGROUND

On September 27, 2005, the Government indicted the Defendants on the Tax Evasion Counts. On November 1, 2005, the Defendants asked for all Rule 16(E) discovery. *See* Letter from R. Weingarten to M. Dubester, Nov. 1, 2005, attached hereto as Exhibit A. As of June 27, 2006, the Government had yet to provide the Defendants with a copy of the revenue agent's report.

On June 27, 2006, counsel for Mr. Esherick contacted Assistant U.S. Attorney Mark Dubester ("Mr. Dubester") to inquire as to why the Government had not yet produced a copy of the revenue agent's report to the Defendants. Mr. Dubester informed counsel for Mr. Esherick that the revenue agent had not yet completed her review. On June 28, 2006, Mr. Dubester faxed counsel for Mr. Esherick a draft version of the revenue agent's report with the accompanying schedules. Although Mr. Dubester marked the draft as a Government Exhibit, he noted in his fax cover sheet that "we continue to review the schedules and evidence, so it is certainly possible that these will be subject to minor amendments or edits." See Facsimile cover sheet from M. Dubester to P. Kemp, June 28, 2006, attached hereto as Exhibit B. Mr. Dubester did not indicate when he would produce a final version of the revenue agent's report to the Defendants.

## II. ARGUMENT

### A. The Court Has Broad Discretion To Sever Counts.

Under Rule 14, "[i]f the joinder of offenses or defendants in an indictment…appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed.R.Crim.P. 14(a). The decision to sever counts is committed to the Court's sound discretion and subject to review only for an abuse of discretion. United States v. Applewhite, 72 F.3d 140, 144 (D.C. Cir. 1995) (per

curiam). In this case, the Court should exercise its considerable discretion to sever the Tax Evasion Counts.

> **B.  The Government's Failure To Produce A Final Version Of The Revenue Agent's Report Prejudices The Defendants' Ability To Identify Expert Witnesses.**

The Government's failure to disclose to the Defendants a final version of the revenue agent's report significantly prejudices the Defendants' ability to prepare for trial. Pursuant to the Court's Standing Order for Criminal Cases and the Court's orders issued at a hearing on March 20, 2006, the Joint Pretrial Statement is due on July 18, 2006. In the Joint Pretrial Statement, the Defendants must identify their expert witnesses and provide a brief description of their expected testimony. Without a final version of the revenue agent's report, the Defendants cannot know what expert testimony they will need to present at trial. As such, the Defendants cannot accurately provide a description of their expert witnesses' expected testimony on the Joint Pretrial Statement. The Defendants will be greatly prejudiced by having to provide a description of their expert witnesses' expert testimony in the Joint Pretrial Statement based on a draft version of the revenue agent's report.

> **C.  The Government's Failure To Produce A Final Version Of The Revenue Agent's Report Prejudices The Defendants' Ability To Identify Exhibits To Be Used At Trial.**

The Defendants also must provide in the Joint Pretrial Statement a list of exhibits that they intend to offer during trial. Without a final version of the revenue agent's report, the Defendants cannot know what exhibits they will need to use at trial as part of their defense of the Tax Evasion Counts. Again, the Defendants will be greatly prejudiced by having to provide a list of exhibits in the Joint Pretrial Statement based on a draft version of the revenue agent's report.

**D.    There Is Not Sufficient Time To Cure The Prejudice To Defendants.**

Even if the Government were to provide a final version of the revenue agent's report today, there is not sufficient time to cure the prejudice to the Defendants. The Government and the Defendants have agreed to exchange expert information on July 6, only six days from now. The Joint Pretrial Statement is due on July 18, 2006, only 18 days from today. Without a final version of the revenue agent's report, Defendants cannot properly prepare their expert disclosures or their exhibit list and will be significantly prejudice in the preparation of their defense to the Tax Evasion Counts.

**II.    CONCLUSION**

Severing the Tax Evasion Counts is fair and remedies the significant prejudice that Defendants otherwise will suffer. For the foregoing reasons, Defendants respectfully renew their request to sever the Tax Evasion Counts (Counts Six through Eight) from the remaining charges in the Indictment.

Respectfully submitted,

*/s/ Lawrence B. Bernard*

Paul F. Kemp (D.C. Bar # 922773)
Carol Elder Bruce (D.C. Bar #202200)
Lawrence B. Bernard (D.C. Bar #181636)
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000

Counsel for Blake Esherick


Reid H. Weingarten (D.C. Bar #365893)
Brian M. Heberlig
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795
(202) 429-3000

Michele A. Roberts
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 887-4306

Christopher B. Mead
London & Mead
1225 19th Street, N.W.
Suite 320
Washington, D.C. 20036
(202) 331-3334

Counsel for Douglas Jemal


Dated: June 30, 2006