# EXHIBIT 3



## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This SETTLEMENT AGREEMENT AND MUTUAL RELEASE ("Agreement and Release") is entered into by and among: (i) the District of Columbia and its legal representatives, agents, attorneys, successors, and assigns (collectively "the District"); and (ii) Douglas Development Corporation ("DDC"), Cayre Jemal's Gateway LLC ("Cayre Jemal"), Douglas Jemal, Blake Esherick, and their legal representatives, agents, attorneys, successors, and assigns (collectively "the Jemal Parties").

## WITNESSETH:

WHEREAS, the District and Cayre Jemal entered into a lease dated April 26, 2001, pursuant to which the District leased commercial office space from Cayre Jemal at 77 P Street, N.E. (the "Master Lease");

WHEREAS, the District and Cayre Jemal signed certain addenda to the Master Lease, pursuant to which the District purportedly leased additional commercial office space from Cayre Jemal at 77 P Street, N.E.

WHEREAS, on or about July 29, 2003, the District filed a Complaint in the Superior Court of the District of Columbia styled *The District of Columbia v. Douglas Development Corporation, Cayre Jemal's Gateway LLC, Douglas Jemal, Blake C. Esherick, and Michael A. Lorusso*, Civil Action No. 0006457-03, pursuant to which the District is alleging, among other things, that the Jemal Parties violated D.C. Code § 2-308.14 ("the District's Claims");

WHEREAS, on or about September 9, 2003, the Jemal Parties filed an Answer and Counterclaim denying the District's Claims and seeking to recover rents and other charges allegedly due and owing under the Master Lease and its addenda ("the Jemal Parties' Counterclaims"); and

WHEREAS, the District and the Jemal Parties desire to fully and finally settle the District's Claims and the Jemal Parties' Counterclaims.

NOW, THEREFORE, in consideration of the mutual promises and covenants herein, it is hereby agreed as follows:

1. This Agreement and Release shall become effective as of the date it has been fully executed by the parties hereto.

2. DDC shall absorb the cost of furniture purchased for the District Department of Human Services and District Department of Transportation by DDC for use at 77 P Street, N.E. in the amount of $2,021,043.42. The District shall be permitted to use such furniture so long as the District remains a tenant at 77 P Street, N.E.

3. The District shall pay DDC, and DDC agrees to accept, the sum of Eight Hundred Thousand Dollars and No Cents ($800,000.00) within ten (10) business days after the Effective Date (hereinafter defined).

4. Within two (2) business days (but no later than December 22, 2003) of the execution of this Agreement and Release, the District shall request the Council of the District of Columbia ("Council") to approve the first, second, and fourth addenda to the Master Lease.

5. The Effective Date of this Agreement and Release shall be the date that Council approves all of the addenda to the Master Lease (the "Effective Date"), then within eleven (11) calendar days of such approval, the District and the Jemal Parties shall dismiss with prejudice the District's Claims and the Jemal Parties' Counterclaims by filing a Stipulation of Dismissal in the form attached at Appendix A.

6. Beginning on the Effective Date, the District shall commence paying rent for all space leased pursuant to the Master Lease and all of its addenda. For purposes of computing future Additional Rent, as that term is defined in the Master Lease and incorporated in the addenda, under the Master Lease and all of the addenda, the Base Real Estate Taxes and Base Operating Expenses, as those terms are defined by the Master Lease and incorporated in the addenda, shall be as follows: Base Real Estate Taxes equal one million eight hundred thirty-one thousand five hundred dollars ($1,831,500), an amount based on a real property tax assessed value of $99 million; Base Operating Expenses equal eight dollars ($8.00) per rentable square foot of the Building, as that term is defined in the Master Lease and incorporated in the addenda. Rent pursuant to the Master Lease and the addenda shall be computed based on the square foot area indicated in the Master Lease and addenda of the various Premises, as that term in the singular is defined in the Master Lease and the addenda. The District also agrees that it will begin occupying all such space within a commercially reasonable time subject to the provisions of the Master Lease and its addenda.

7. As of the Effective Date, and after the payment required by paragraph 3 above has been made, the District, on the one hand, and the Jemal Parties, on the other hand, mutually release and forever discharge each other from any and all agreements, actions, cases, causes of action, claims, compromises, controversies, costs, damages, debts, demands, disputes, expenses, judgments, liabilities, payments, promises, and suits of any nature whatsoever, relating to, arising under, or in connection with the District's Claims or the Jemal Parties' Counterclaims, that they, or each of them, may have or may claim to have against each other which existed as of the Effective Date, except for such claims as may arise in the future relating to the enforcement of this Agreement and Release. The claims being released by the District and the Jemal Parties include any claims for compensatory or punitive damages, and include all attorneys' fees, court costs, or other expenses incurred by the District and Jemal Parties in connection with the District's Claims and the Jemal Parties' Counterclaims.

8. If the Council does not approve all or any of the addenda to the Master Lease, then this Agreement and Release shall automatically be null, void and of no legal effect, and may not be used by any party hereto in any manner to establish the truth of any assertions in this Agreement and Release.

9. The District agrees to obtain an independent appraisal of the firehouse property located at 438 Massachusetts Avenue, N.W. within one hundred twenty (120) calendar days of the Effective Date. DDC agrees to reimburse the District for such appraisal. The Jemal Parties and Jemal's Firehouse, L.L.C., shall fully cooperate in the appraisal process. Subject to Council approval, the District agrees to sell to Mr. Jemal or a company designated by him, and Mr. Jemal (or such company) agrees to purchase from the District, the firehouse property at the appraised value as determined by the independent appraisal obtained by the District pursuant to this paragraph. If the Council approves the sale of the firehouse property to Mr. Jemal (or his company), then Jemal's Firehouse, L.L.C. shall release its option to purchase the firehouse set forth in the Lease dated May 7, 2002 by and between the District and Jemal's Firehouse, L.L.C.

10. As of the Effective Date, the third addendum to the Master Lease shall be terminated, notwithstanding any notice or other requirements to the contrary in the third addendum, including the payment of rent, and shall have no legal effect.

11. DDC paid to the District on November 13, 2003, and the District has accepted, Forty Two Thousand One Hundred Fifty Nine and 67/100 Dollars ($42,159.67) to reimburse the District for excess payments for improvements at 4800 Addison Road.

12. This Agreement and Release does not constitute an admission by the Jemal Parties or by the District of any liability or wrongful action or violation of any statute, regulation, or common law right.

13. This Agreement and Release shall be binding upon and inure to the benefit of the District, the Jemal Parties, and Jemal's Firehouse, L.L.C., and any of their respective legal representatives, agents, attorneys, successors, and assigns.

14. This Agreement and Release sets forth the entire agreement between the District, the Jemal Parties, and Jemal's Firehouse, L.L.C., and supersedes any and all prior agreements or understandings between the District and the Jemal Parties.

15. This Agreement and Release shall be interpreted in accordance with the laws of the District of Columbia.

16. Each party to this Agreement and Release expressly represents and warrants that it has full legal authority to enter into and perform this Agreement and Release and that the persons executing this Agreement and Release on behalf of each such party have been properly authorized and empowered to enter into this Agreement and Release.

17. Each party expressly represents and warrants that it has read this Agreement and Release, has been given the opportunity to confer with legal counsel concerning its contents, and agrees to be bound by its terms. The parties understand and agree that this Agreement and Release will not be construed against any party as the drafter.

18. This Agreement and Release may be executed by the parties in counterparts, which taken together shall constitute one written agreement by and between the parties. The date upon which the last party to execute this Agreement and Release shall be the date of this agreement.

19. After the execution of this Agreement and Release and during the pendency of Council action, as described above in paragraph 4, the parties will stay all court action with respect to the District's Claims and the Jemal Parties' Counterclaims and stay and toll the effect of any Notice to Quit, as that term is defined by District of Columbia law, relating to or in connection with the District's Claims or the Jemal Parties' Counterclaims or in connection with the firehouse property described in paragraph 9 above.

IN WITNESS WHEREOF, and intending to be legally bound, the parties, by and through their duly authorized representatives, have executed this SETTLEMENT AGREEMENT AND MUTUAL RELEASE on the date appearing before their respective signatures.

**DOUGLAS JEMAL**

Date: 12/18/03   By: _____
Douglas Jemal

**DOUGLAS DEVELOPMENT CORPORATION**

Date: 12/18/03   By: _____
Douglas Jemal

**CAYRE JEMAL'S GATEWAY LLC**

Date: 12/18/03   By: _____
Douglas Jemal
Authorized Member

-4-

**BLAKE C. ESHERICK**

Date: 12/18/03    By: _____
                      Blake C. Esherick

**JEMAL'S FIREHOUSE L.L.C**
(As to Paragraph 9 only)

Date: _____   By: _____
                            Douglas Jemal, Managing Member

**THE DISTRICT OF COLUMBIA**

Date: _____   By: _____  10/18/03
      Title:                 City Administrator

Date: 12/18/03    By: _____
                      Robert J. Spagnoletti
                      Title: Corporation Counsel, D.C.

APPENDIX A

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

RECEIVED
CIVIL CLERK'S OFFICE
MAR 0 3 2004

- - - - - - - - - - - - - - - - - - - X
THE DISTRICT OF COLUMBIA,

    Plaintiff,

  v.

DOUGLAS DEVELOPMENT
CORPORATION, CAYRE JEMAL'S
GATEWAY L.L.C., DOUGLAS
JEMAL, BLAKE C. ESHERICK, and
MICHAEL A. LORUSSO,

    Defendants.
- - - - - - - - - - - - - - - - - - - X

C.A. No. 03ca006457

Calendar # 1 (Judge Zoe Bush)

**STIPULATION OF DISMISSAL**

Plaintiff District of Columbia ("the District"), and Defendants and Counterclaim-Plaintiffs Douglas Development Corporation, Cayre Jemal's Gateway L.L.C., Douglas Jemal, and Blake C. Esherick, pursuant to DCR-41(a)(1)(ii), hereby request that all claims and counterclaims between them be dismissed with prejudice with each party bearing its own costs and expenses, including attorneys' fees. This stipulation of dismissal does not apply to the District's claims against Defendant Michael A. Lorusso.

Dated: 3/3, 2004 Respectfully submitted,

_Arthur J. Parker (By Jonathan D. Roath with permission)_
Arthur J. Parker
Assistant Corporation Counsel
441 Fourth Street, NW, Suite 450 North
Washington, D.C. 20001

COUNSEL FOR THE DISTRICT OF COLUMBIA

*[signature]*

John M. Dowd, D.C. Bar No. 003525
Jonathan S. Spaeth, D.C. Bar No. 394921

Jeffrey M. King, D.C. Bar No. 461644
AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.
1333 New Hampshire Ave, N.W.
Washington, D.C. 20036
(202) 887-4000
(202) 887-4288 FAX

COUNSEL FOR DEFENDANTS DOUGLAS
DEVELOPMENT CORPORATION, CAYRE JEMAL'S
GATEWAY L.L.C., AND DOUGLAS JEMAL


and

*[signature]* Paul F. Kemp (by Jonathan S. Spaeth with permission)

Paul F. Kemp, P.A., D.C. Bar No. 922773
33 Wood Lane
Rockville, Maryland 20850
(301) 294-0460
(301) 294-4568 FAX

COUNSEL FOR DEFENDANT BLAKE C. ESHERICK