UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Crim. No. 05-359-01, -2, -3 (RMU) |
| : | |
| DOUGLAS JEMAL, ET AL. : | |

**GOVERNMENT'S MOTION IN LIMINE TO
(1) PRECLUDE DEFENDANTS FROM INTRODUCING EVIDENCE TO SUGGEST
THAT MICHAEL LORUSSO'S ACTIONS BENEFITTED THE PUBLIC INTEREST
AND (2) PRECLUDE DEFENDANTS FROM ELICITING TESTIMONY FROM
EXPERT WITNESS AS TO REASONABLENESS OF 77 P STREET LEASES.**

The United States of America, through its attorney, the United States Attorney for the District of Columbia, respectfully requests pursuant to Federal Rules of Evidence 402 and 403 that the Court (1) preclude the defendants from introducing evidence attempting to demonstrate that the acts of Michael Lorusso related to Douglas Development Corporation were beneficial to the public interest in general or the District of Columbia in particular, and (2) preclude the defendants from introducing expert testimony that the D.C. government leases at 77 P Street were commercially reasonable.[1]

The law is clear that it is no defense that the defendant intended to influence an official act that was lawful or even desirable or beneficial to the public interest. See Sand et al., Modern Federal Jury Instructions (2004), Inst. 16-6, at p. 16-13. Similarly, O'Malley-Grenig-Lee, Federal Jury Practice and Instructions (5th ed. 2000) § 27.11 provides:

---

[1] There may be other instances at trial where the principles set forth in this pleading have force in precluding lay or expert opinion tending to show the city got a "good deal" as part of a defense. This pleading specifically mentions the proposed expert testimony that defendants noticed the Government in their expert disclosures.

> "It is not a defense to the crime of bribery as charged in [the Indictment] that the [offer] * * * of anything of value was made [to] * * * the public official to influence an official act which is actually lawful, desirable, or even beneficial to the public."

See also United States v. Dorri, 15 F.3d 888, 890 (9th Cir.), cert. denied, 513 U.S. 1004 (1994) (approving instruction that it was "not a defense to the crime of bribery * * * that the demand of something of value was made by the public official to influence an official act which is actually lawful, desirable or even beneficial to the public * * *. " (first deletion in text; second deletion added) (citing 2 Devitt & Blackmar, Federal Jury Practice & Instructions §§ 25.11, 25.12 (4th ed. 1990)).

Bribery requires the corrupt intent to influence a public official in the performance of official acts. Permitting the defense to introduce affirmative evidence that Michael Lorusso's actions in connection Douglas Development Corporation benefitted the City, or expert testimony that the 77 P Street leases were "good" for the City, would inject purely irrelevant issues into the trial.

This is not an academic issue. The defense has informed the government that they intend to call Stephen Goldstein, vice chairman of a national real estate firm, as an expert to testify that the 77 P Street leases were within market rates for comparable commercial real estate at that time.

But such testimony has no business being admitted in a bribery trial. The bribery charge focuses on whether the defendants provided things of value to corruptly influence a public official. The motive of the defendants is of course at issue, and the Government intends on proving that Douglas Jemal would be enriched by many millions of dollars by the various

transaction in this case. However, whether the 77 P Street lease terms procured through bribes were "unreasonable" is neither an element of the offense nor relevant to a recognized defense. Accordingly, such evidence is legally irrelevant and should be excluded under Rule 402 of the Federal Rules of Evidence.

This evidence also should be excluded under Rule 403. The defendants seek to inject an unnecessary and potentially complicated factual issue—indeed, an issue that they believe is so complex that they need an expert to explain their position to the jury—where the issue, as noted, has absolutely no relevance to the elements of the offense. The potential for jury confusion is manifest and such a witness has no place consuming precious trial resources.

WHEREFORE, the government's motion should be granted.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

By: _____
Mark H. Dubester
Timothy G. Lynch, D.C. Bar No. 456506
Assistant United States Attorneys
555 4th Street, NW
Room 5233
Washington, D.C. 20530
(202) 353-4862

## CERTIFICATE OF SERVICE

I hereby certify that, on this 10th day of July, 2006, I caused to be served by electronic filing a copy of the foregoing motion and following proposed order, to:

Michele A. Roberts, Esquire
Counsel for Douglas Jemal
Akin Gump Straus Hauer & Feld LLP
1333 New Hampshire Avenue, NW
Washington, D.C. 20036

Paul F. Kemp, Esquire
Counsel for Blake C. Esherick
Venable LLP
One Church Street, Fifth Floor
Rockville, MD 20850

Reid H. Weingarten, Esquire
Erik L. Kitchen, Esquire
Brian M. Heberlig, Esquire
Counsel for Douglas Jemal
Steptoe & Johnson
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036

Carol Elder Bruce, Esquire
Lawrence B. Bernard, Esquire
Counsel for Blake C. Esherick
Venable LLP
575 Seventh Street, NW
Washington, D.C. 20004

Christopher B. Mead, Esquire
Counsel for Douglas Jemal
London & Mead
1225 19th Street, NW, Suite 320
Washington, D.C. 20036

Stanley McK. Brand, Esquire
Ross A. Nabatoff, Esquire
Counsel for Norman D. Jemal
Brand Law Group
923 15th Street, NW
Washington, D.C. 20005

_____
Timothy G. Lynch
Assistant United States Attorney