UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Crim. No. 05-359-01, -2, -3 (RMU) |
| : | |
| DOUGLAS JEMAL, ET AL. : | |

GOVERNMENT'S UNOPPOSED MOTION FOR
LEAVE TO LATE-FILE MOTIONS *IN LIMINE*

The United States of America, through its attorney, the United States Attorney for the District of Columbia, respectfully requests leave pursuant to Rule 45(b) of the Federal Rules of Criminal Procedure and paragraphs 4 and 9 of the Court's Standing Order for Criminal Cases to file four motions in limine that were previously filed with the Court on July 10, 2006, the time for filing having (unbeknownst to counsel) previously expired.[1]

In support of its motion, the government offers the following points:

First, there have been no previous extensions of time granted.

Second, there is good cause for the motion. The government has been endeavoring to comply fully with the Court's Standing Order as it relates to the filing of the Joint Pretrial Statement. On Thursday, June 29, 2006, or nineteen days before the Joint Pretrial Statement is due, the government submitted to defense counsel its 139-page draft Joint Pretrial Statement, which included a proposed statement of the case; proposed voir dire questions; proposed jury

---

[1] Those four motions include (1) Government's Motion in Limine to (1) Preclude Defendants from Introducing Evidence to Suggest that Michael Lorusso's Actions Benefitted the Public Interest, and (2) Preclude Defendants from Eliciting Testimony from Expert Witnesses As to Reasonableness of 77 P Street Leases; (2) Government's Motion in Limine to Preclude Defendants from Mounting Claim-of-Right Defense to Fraud Charges; (3) Government's Motion in Limine to Limit and Control Direct Examination of Any Character Witnesses; and (4) Government's Motion in Limine to Preclude Defendants from Introducing Evidence or Arguing that Others in Addition to Michael Lorusso Were Involved in Government Decisions.

instructions, with supporting case law; proposed stipulations; and a proposed verdict form. On Thursday, July 6, 2006, the government sent the defense its expert disclosures. Moreover, on Monday, July 10, 2006, or 60 days before the September 8, 2006, trial date, the government made available to defense counsel all Jencks materials for Michael Lorusso and Fernando Villeagas and provided Brady and Giglio disclosures.

The government read the Standing Order as requiring the parties to exchange motions in limine with sufficient time to include oppositions and replies with the Joint Pretrial Statement; and it acted upon this basis in good faith. Thus, it sought to negotiate with defense counsel about a schedule for responding to motions in limine.[2] In doing so, the government neglected to recall that, at the March 20, 2006, hearing, the Court addressed the filing of motions in limine and directed the parties to submit such motions in limine two weeks before the submission of the Pretrial Statement. See United States v. Jemal, Crim. No. 05-359 (RMU) (March 20, 2006) (Transcript of Motions Hearing), at 30 ("At the same time, two weeks prior the motions in limine will come in. The motion in limine will come along with the pretrial statement."); see also id. ("I would expect as well, when you submit your pretrial joint submission that you will submit your motions in limine.").

Third, granting the government's motions will not affect the filing date of the Joint Pretrial Statement. The defense will have one week to respond to the government's motions in limine; and all but one of the motions was already outlined in full in the government's draft Joint

---

[2] The government informed defense counsel on July 6, 2006, that it would be filing motions in limine on Monday, July 10, 2006, that would be based largely on its proposed jury instructions. On Friday, July 7, 2006, government counsel proposed a schedule for defendants to respond to the government's expected motions in limine.

Pretrial Statement, as those three motions largely track footnotes supporting the government's proposed jury instructions. As noted above, the defendants received those instructions on June 29, 2006. Thus, the defense should not be hampered in its ability to file any oppositions to the government's motions in limine with sufficient time to include the oppositions in the Joint Pretrial Statement. Provided the government receives any defense oppositions to its motions in limine by 5:00 p.m. on July 17, 2006, or one week after they were received by the defense, the government will file any replies on July 18, 2006—in time for them to be included in the Joint Pretrial Statement.

Fourth, the government's motions in limine do not involve dispositive issues; instead, as noted above, all but one of the motions tracks the precise issues joined in the government's proposed jury instructions and, indeed, rely on the same legal authority.

Fifth, counsel for the defendants do not oppose the government's motion.

WHEREFORE, the government's motion should be granted.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

By: /s/ Mark H. Dubester
Mark H. Dubester
Timothy G. Lynch, D.C. Bar No. 456506
Assistant United States Attorneys
555 4th Street, NW
Room 5233
Washington, D.C. 20530
(202) 353-4862

## CERTIFICATE OF SERVICE

I hereby certify that, on this 11th day of July, 2006, I caused to be served by electronic filing a copy of the foregoing motion and following proposed order, to:

Michele A. Roberts, Esquire
Counsel for Douglas Jemal
Akin Gump Straus Hauer & Feld LLP
1333 New Hampshire Avenue, NW
Washington, D.C. 20036

Paul F. Kemp, Esquire
Counsel for Blake C. Esherick
Venable LLP
One Church Street, Fifth Floor
Rockville, MD 20850

Reid H. Weingarten, Esquire
Erik L. Kitchen, Esquire
Brian M. Heberlig, Esquire
Counsel for Douglas Jemal
Steptoe & Johnson
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036

Carol Elder Bruce, Esquire
Lawrence B. Bernard, Esquire
Counsel for Blake C. Esherick
Venable LLP
575 Seventh Street, NW
Washington, D.C. 20004

Christopher B. Mead, Esquire
Counsel for Douglas Jemal
London & Mead
1225 19th Street, NW, Suite 320
Washington, D.C. 20036

Stanley McK. Brand, Esquire
Ross A. Nabatoff, Esquire
Counsel for Norman D. Jemal
Brand Law Group
923 15th Street, NW
Washington, D.C. 20005

_____
Timothy G. Lynch
Assistant United States Attorney