UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | Crim. No. 05-359-1, -2, -3 (RMU) |
| ) | |
| DOUGLAS JEMAL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE
EVIDENCE OF AMENDED TAX RETURNS OR W-2 FORMS**

Defendants Douglas Jemal, Norman D. Jemal, and Blake Esherick ("Defendants"), through counsel, hereby submit this memorandum of law in further support of their motion to preclude the government from admitting into evidence any amended tax returns or W-2 forms in support of Counts Six through Eight of the Indictment (the "Tax Evasion Counts"). The Court should grant Defendants' motion because the government improperly seeks to admit Defendant Esherick's amended tax documents as proof of fraudulent intent at the time of filing the original return.

While the government argues that the law allows amended returns to be admitted "as evidence as to the existence of a prior year tax deficiency,"[1] Government's Opposition to

---

[1] Even this proposition is not completely supported by the cases cited by the government. In the majority of the cases, it is either unclear whether the government or the defense sought the admission of the amended returns, see United States v. Dale, 991 F.2d 819 (D.C. Cir. 1993); United States v. Nunan, 236 F.2d 576 (2d Cir. 1956); United States v. Charroux, 3 F.3d 827 (5th Cir. 1993); United States v. Williams, 470 F.2d 915 (2d Cir. 1972), or apparent that the defendant was the party who wished to admit the returns, as evidence of good faith, see United States v. Neill, 964 F. Supp. 438 (D.D.C. 1997); United States v. Tucker, 133 F.3d 1208 (9th Cir. 1998); United States v. Johnson, 893 F.2d 451 (1st Cir. 1990). Thus, these cases do not provide

(Continued…)

- 2 -

Defendants' Motion *in Limine* to Exclude Evidence of Amended Tax Returns or W-2 Forms ("Opp'n") at 2, the government in this case does not seek to admit Defendant Blake Esherick's amended tax returns or W-2 forms to support a finding that Esherick owed taxes in those years. Rather, the government seeks to admit this evidence as the basis for an inference by the jury that Defendant Esherick (and Defendant Douglas Jemal) had fraudulent intent at the time the original returns and W-2 forms were filed. See id. at 1 (describing the evidence at issue as "provid[ing] strong evidence of [Defendants'] criminal scheme" charged in the Indictment). This is forbidden by United States v. Dyer, 922 F.2d 105 (2d Cir. 1990), and the cases cited by the government do not hold to the contrary.

In cases involving allegations of tax evasion, the defendant's intent at the time of the original filing is a key element. Defendant Esherick's amended tax returns and W-2 forms are not probative of his or Defendant Douglas Jemal's intent at the time they engaged in the conduct alleged in the Tax Evasion Counts because "[a]t most, filing an amended return indicates that the taxpayer *now* believes he was mistaken at the time he filed the original return; in no way does it shade that minimal assumption toward proof of the requisite fraudulent intent." Dyer, 922 F.2d at 108.

Moreover, policy considerations weigh in favor of the exclusion of the amended tax returns and W-2 forms. As the court stated in Dyer, "[g]enerally, the filing of an amended tax return is not an admission of fraud," because the law encourages the filing of amended returns, and a taxpayer should not be penalized for attempting to correct errors. Id. Even the court in United States v. Dale, 991 F.2d 819 (D.C. Cir. 1993), the case upon which the

---

(…Continued)
much guidance in circumstances such as those in the present case, in which Defendants seek to exclude the amended returns and W-2 forms.

government principally relies, approved an instruction to the jury which charged that "[t]he government encourages [the] use [of amended returns] as a means of correcting mistakes. Therefore, the filing of an amended return is not necessarily evidence of intentional misconduct in the filing of the original return." Id. at 851 (internal quotation marks omitted, alterations in original). Similarly, the court in United States v. Dowell, 446 F.2d 145 (10th Cir. 1971), also cited by the government, agreed that it was "a fair statement of the rule" to say that "willfulness 'involve[d] a specific intent which must be proven by independent evidence and which cannot be inferred from the mere understatement of income,'" as indicated, for example, by the filing of an amended return. Dowell, 446 F.2d at 147. These propositions are squarely in line with Defendants' position, not the government's.

Finally, Defendants continue to maintain that the introduction of this evidence will unnecessarily delay and complicate the trial. Evidence that is to be offered for the purpose of having the jury draw an impermissible inference as to the Defendants' intent, and whose admission is disfavored for policy reasons, has no place in a streamlined trial. Thus, by moving for its exclusion, Defendants are trying to avoid a situation in which the trial becomes, as the Court has put it, "a kitchen-sink case."[2]

In sum, for the reasons stated above and in Defendants' moving papers, the Court should exclude Government Exhibits 30 (Amended 2003 Tax Return for Blake Esherick), 32 (Amended 2002 Tax Return and W-2 Form for Blake Esherick), 33 (Amended 2001 Tax Return

---

[2] The government chastises Defendants for not definitively stating what testimony or evidence they will present in response if the Court decides to allow such evidence at trial. Opp'n at 5 n.4. Contrary to the government's view, however, this reserve is a reflection of the realities of trial preparation and the adversary system. That is, Defendants have not yet decided how they would counter this evidence at trial. But even if they had, Defendants have no obligation to share their defenses with the government in advance of trial.

and W-2 Form for Blake Esherick), and 34 (Amended 2004 W-2 Form for Blake Esherick), as well as any other amended tax returns or W-2 forms offered by the government for admission at trial.

                                       Respectfully submitted,

                                       _____
                                       Reid H. Weingarten (D.C. Bar #365893)
                                       Brian M. Heberlig (D.C. Bar #455381)
                                       Steptoe & Johnson LLP
                                       1330 Connecticut Avenue, N.W.
                                       Washington, D.C.  20036-1795
                                       (202) 429-3000

                                       Michele A. Roberts
                                       Akin Gump Strauss Hauer & Feld LLP
                                       1333 New Hampshire Avenue, N.W.
                                       Washington, D.C.  20036
                                       (202) 887-4306

                                       Christopher B. Mead
                                       London & Mead
                                       1225 19th Street, N.W.
                                       Suite 320
                                       Washington, D.C.  20036
                                       (202) 331-3334

                                       Counsel for Douglas Jemal


                                       Stanley M. Brand
                                       Ross Nabatoff
                                       The Brand Law Group
                                       923 Fifteenth Street, N.W.
                                       Washington, D.C. 20005
                                       (202) 662-9700

                                       Counsel for Norman Jemal

- 5 -

        Paul Kemp
        Carol Elder Bruce
        Venable LLP
        575 7th Street, N.W.
        Washington, D.C. 20004
        (202) 344-4400

        Counsel for Blake Esherick

Dated:  July 18, 2006