UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No. 05-359-01, -2, -3 (RMU) |
| | : | |
| DOUGLAS JEMAL, ET AL. | : | |

### GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE
### SELF-AUTHENTICATING DOCUMENTS PURSUANT TO RULE 902(11)

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby gives notice of its intent to introduce evidence pursuant to Federal Rule of Evidence 902(11).

### BACKGROUND

The Federal Rules of Evidence allow for certain, qualifying business records to be admitted in evidence at trial without a custodian of records testifying about their authenticity or laying a foundation as to documents' status as business records. The Rules do this through the interaction of Federal Rule of Evidence 806(3), which provides a hearsay exception for business records, and Federal Rule of Evidence 902(11), which admits such business records into evidence as self-authenticating without foundation testimony at trial so long as a records custodian completes a declaration that complies with the Rule. Thus, the Rule provides:

"**Rule 902.   Self-Authentication**

"Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:

*       *       *

"**(11) Certified Domestic Records of Regularly Conducted Activity.**—The original or a duplicate of a domestic record of regularly conducted activity that would be admissible under Rule 803(6) if accompanied by a written declaration of its custodian or other qualified person, in a manner complying with any Act of Congress or rule

prescribed by the Supreme Court pursuant to statutory authority, certifying that the record—

>   (A) was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;
>
>   (B) was kept in the course of the regularly conducted activity; and
>
>   (C) was made by the regularly conducted activity as a regular practice.
>
>   "A party intending to offer a record into evidence under this paragraph must provide written notice of that intention to all adverse parties, and must make the record and declaration available for inspection sufficiently in advance of their offer into evidence to provide an adverse party with a fair opportunity to challenge them."

Fed. R. Evid. 902(11); id. Advisory Comm. Note to 2000 Amendments ("The amendment adds two new paragraphs to the rule on self-authentication. It sets forth a procedure by which parties can authenticate certain records of regularly conducted activities, other than through the testimony of a foundational witness."). Thus, the drafters to the 2000 amendment to Federal Rule 803(b) noted:

> "The amendment provides that the foundation requirements of Rule 803(6) can be satisfied under certain circumstances without the expense of producing time-consuming foundation witnesses. Protections are provided by the authentication requirements of Rule 902(11) for domestic records * * *."

Fed. R. 803(6), Advisory Comm. Note to 2000 Amendments (citation omitted).

## NOTICE

Pursuant to Rule 902(11), the government hereby gives written notice of its intent to introduce evidence consisting of business records from the following entities through the declarations referenced in the following chart:

| Name of Entity | Description of Records | Exhibit No(s). | Exhibit No. of Declaration |
|---|---|---|---|
| West End Travel | Travel records of defendants and Lorusso | 4 | 4a |
| Fidelity Bank | Loan records relating to 7804 Radnor Road | 5 | 5a |
| Automatic Data Processing | W-2s for 2002 and 2003 for Douglas Development Corporation | 6-7[1] | 6a |
| Commercial Settlements, Inc. | Settlement records for purchase of 111 Massachusetts Avenue, NW | 8 | 8a |
| Bellagio Hotel | Hotel records for May 2001 travel by defendants and Lorusso | 10-11[2] | 10a[3] |
| J. Brown Jewelers | Rolex watch sale and repair records | 13 | 13a |
| Boot Barn | Records of May 2002 boot purchases by Douglas Jemal for, among others, Lorusso | 14 | 14a |
| Barbary Coast Hotel & Casino | Hotel records for travel by defendants and Lorusso in May 2002 | 15 | 15a |

---

[1]     The document collection provided by ADP was broken up into two exhibits: one for 2002 (Exhibit 6) and one for 2003 (Exhibit 7). The declaration for the two exhibits has been marked as Government Exhibit No. 6a.

[2]     The document collection provided by the Bellagio Hotel was broken up into two exhibits: one for 2001 (Exhibit 10) and one for 2002 (Exhibit 11).

[3]     The Vice President and General Counsel of the Bellagio Hotel submitted by letter dated April 9, 2004, additional documents responsive to the grand jury subpoena that are incorporated into these documents. That letter, which followed the original April 8, 2004, production, is attached.

| Domain Home Fashions | Furniture purchase records | 16[4] | 16a |
|---|---|---|---|
| HBL LLC | Repair records for Lorusso's Audi | 17 | 17a |
| American Express | Credit card statements for Sabra Gould/Quinn | 18 | 60a[5] |
| American Express | Credit card statements for Douglas Development Credit Card issued to Norman Jemal | 19 | 60a[6] |
| Smith Barney Citigroup | Retirement account records for Blake Esherick | 35 | To be produced |
| BB&T | Statements and transaction items for Blake Esherick for 1/01–3/02 | 36 | 36a |
| BB&T | Statements and transaction items for Blake Esherick for 2000 | 37 | 37a |
| Eagle Bank | Statements and transaction items for Blake Esherick | 38 | 38a[7] |
| Eagle Bank | Deposit items for Blake Esherick | 38b | 38c[8] |

---

[4]     These documents were previously marked and provided to defense counsel as Government Exhibit Nos. 16, 16.2, and 16.3. They will be renumbered for trial.

[5]     The documents in Government Exhibit Nos. 18, 19, and 60 were produced by American Express as part of one response to the September 23, 2004, grand jury subpoena, a copy of which is attached to Government Exhibit No. 60a. Government Exhibit No. 18 consists of DDC Employee Sabra Gould's statements; Government Exhibit No. 19 consists of Norman Jemal's statements; and Government Exhibit No. 60 consists of Douglas Jemal's statements.

[6]     This declaration document is being produced to defendants through this filing.

[7]     The documents in Government Exhibit Nos. 38 and 39 were produced as part of one response to the grand jury subpoena. Government Exhibit No. 38 consists of statement and transaction records for Blake Esherick; Government Exhibit No. 39 consists of a credit application of Mr. Esherick. Both sets of documents were attested to by the declaration marked as Government Exhibit No. 38a.

[8]     The Vice President of Deposit Operations to Eagle Bank submitted by letter dated December 20, 2004 (and marked as Government Exhibit No. 38c), additional deposit items that were responsive to the grand jury subpoena. These documents are marked as Government

| | | | |
|---|---|---|---|
| Eagle Bank | Miscellaneous Checks of Blake Esherick produced by Rule 17(c) subpoena | 38d | 38e |
| Eagle Bank | Statements of Blake Esherick from 11/04 through 6/05 | 38f | To be produced |
| Eagle Bank | Blake Esherick credit application | 39 | 38a |
| Adams National Bank | Statements and transaction items for Blake Esherick | 40 | 40a |
| Capital One | Credit card statements of Blake Esherick | 41 | 41a |
| BB&T | Transaction items for Blake Esherick for $250 or less for 2001 | 42 | 42a[9] |
| BB&T | Additional miscellaneous transactions items for Blake Esherick obtained pursuant to Rule 17(c) subpoena | 43 | 43a[10] |
| Bank of America | Credit card applications and statements for Blake Esherick | 44 | 44a |
| Regional Title | Real estate loan applications for Blake Esherick | 50-52[11] | 50a[12] |
| First Liberty National Bank | Records related to escrow account for Blake Esherick | 53 | 53a[13] |

Exhibit No. 38b.

[9]   This declaration document is being produced to defendants through this filing.

[10]   These documents were produced without a declaration *per se* but were sent to the government along with an April 14, 2006, letter in the nature of an invoice that references the April 5, 2006, subpoena for records relating to Blake Esherick. If the defendants are not satisfied with the authenticity of these records, the government will provide further support.

[11]   These documents were produced by Regional Title as part of one response to the grand jury subpoena. Government Exhibit No. 50 consists of documents related to Blake Esherick; Government Exhibit No. 51 consists of a settlement sheet for Douglas Jemal; Government Exhibit No. 52 consists of a settlement sheet for Norman Jemal. The declaration for these three exhibits has been marked as Government Exhibit No. 50a.

[12]   This declaration document is being produced to the defendants through this filing.

[13]   This declaration document is being produced to the defendants through this filing.

| | | | |
|---|---|---|---|
| Adams National Bank | Bank records relating to MTD | 54 | 54a[14] |
| James Madison University | Certified academic transcript for Blake Esherick | 57 | 57a |
| Adams National Bank | Miscellaneous payroll account checks | 58 | To be provided |
| American Express | Credit card statement for Douglas Jemal | 60 | 60a |
| Adams National Bank | Statements and transaction items for Douglas Jemal for 2001 and 2002 | 61, 63 | 61a[15] |
| Adams National Bank | Statements and transaction items for Norman Jemal for 2001-2002 | 62 | 62a[16] |
| Wachovia Bank, as successor to First Union Bank | Statements and transaction items for Douglas Jemal | 64 | 64a[17] |
| American Express | Credit card statements of Norman Jemal | 65-67[18] | 65a[19] |

---

[14]   This declaration document is being produced to the defendants through this filing.

[15]   This declaration document is being produced to the defendants through this filing. This declaration accompanied the bank statements for Douglas Jemal for 2001 and 2002. Upon review by the government of those statements, the bank provided certain, specific checks listed in the statements. Those checks are among the items included in Government Exhibit Nos. 61 (2001) and 63 (2002).

The documents in Government Exhibit Nos. 61 and 63 were produced in one response to the grand jury subpoena. Government Exhibit No. 61 consists of 2001 records for Douglas Jemal; and Government Exhibit No. 63 consists of 2002 records for Douglas Jemal.

[16]   This declaration document is being produced to the defendants through this filing.

[17]   This document was previously produced to defendants are marked as Government Exhibit No. 64. The government intends to remark it for trial as Government Exhibit No. 64a.

[18]   These documents included in Government Exhibit Nos. 65-67 were produced in response to the grand jury subpoena and are separated into three exhibits to reflect three separate accounts. The declaration for these three exhibits is marked as Government Exhibit No. 65a.

[19]   This declaration document is being produced to the defendants through this filing.

| | | | |
|---|---|---|---|
| HSBC Bank USA | Statements of Cayre-Jemal's Peoples LLC | 68 | 68a[20] |
| Adams National Bank | Miscellaneous statements and transaction items of Douglas Development Corporation | 69 | To be provided |
| Adams National Bank | Miscellaneous transaction items of Douglas Development Corporation | 84 | 84a[21] |
| Prime Pay Mid-Atlantic | Douglas Development Corporation W-2s for 1999-2001 | 91-95 | To be provided |
| Verizon Wireless | Cell phone records for Michael Lorusso for 2001 and 2002 | 218A-L, 219A-M[22] | To be provided |
| Verizon Wireless | Douglas Development Corporation cell phone bills for Blake Esherick, Douglas Jemal, and Norman Jemal, 2001-3 | 220A-H, 221A-L, 222A-H, 224A-G, 227A-H, 228A-L | To be provided |
| Morgan Stanley | Miscellaneous refinance records | 525 | To be provided |
| Simplex Grinnell, LLP | Billing records for 77 P Street | 530 | 530a[23] |

---

[20]   This declaration document was previously marked as Government Exhibit No. 68. The government intends to remark the exhibit for trial as Government Exhibit No. 68a.

[21]   This declaration, which is now marked as Government Exhibit No. 84, will be remarked for trial as Government Exhibit No. 84a.

[22]   These two exhibits include documents produced as part of one production. Government Exhibit No. 218A consists of records for 2001; and Exhibit No. 219A consists of records for 2002.

[23]   This declaration is being provided to defendants through this filing.

Nearly all the documents and most of the declarations described above were produced to defendants in October 2005 and November 2005, giving defendants ample time to resolve any questions they may have had about the documents and declarations. Moreover, nearly all of the documents described above consist of defendants' own financial or purchase records; and thus they are in a uniquely well qualified position to know that the documents produced by the government were in fact authentic. The government does note that there are eight sets of exhibits for which it will provide appropriate declarations in the near future. The government will endeavor to provide such declarations before the Pretrial Conference. Finally, attached to this filing are the various declarations and supporting materials received by the government.

Accordingly, the government respectfully requests, pursuant to this Notice, that the defendants inform the government in advance of the Pretrial Conference on August 8, 2006, of any challenges they have to the admission under Rule 902(11) of any of the documents in the above chart through the declarations referenced therein. In that way, the Court may decide on the admissibility of such documents pursuant at the Pretrial Conference.

        Respectfully submitted,

        KENNETH L. WAINSTEIN
        UNITED STATES ATTORNEY

By: _____
        Mark H. Dubester, D.C. Bar No. 339655
        Timothy G. Lynch, D.C. Bar No. 456506
        Assistant United States Attorneys
        555 4th Street, NW
        Room 5233
        Washington, D.C. 20530
        (202) 353-4862

CERTIFICATE OF SERVICE

    I hereby certify that, on this 24th day of July, 2006, I caused to be served by electronic filing a copy of the foregoing motion and following proposed order, to:

Michele A. Roberts, Esquire
Counsel for Douglas Jemal
Akin Gump Straus Hauer & Feld LLP
1333 New Hampshire Avenue, NW
Washington, D.C. 20036

Paul F. Kemp, Esquire
Counsel for Blake C. Esherick
Venable LLP
One Church Street, Fifth Floor
Rockville, MD 20850

Reid H. Weingarten, Esquire
Erik L. Kitchen, Esquire
Brian M. Heberlig, Esquire
Counsel for Douglas Jemal
Steptoe & Johnson
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036

Carol Elder Bruce, Esquire
Lawrence B. Bernard, Esquire
Counsel for Blake C. Esherick
Venable LLP
575 Seventh Street, NW
Washington, D.C. 20004

Christopher B. Mead, Esquire
Counsel for Douglas Jemal
London & Mead
1225 19th Street, NW, Suite 320
Washington, D.C. 20036

Stanley McK. Brand, Esquire
Ross A. Nabatoff, Esquire
Counsel for Norman D. Jemal
Brand Law Group
923 15th Street, NW
Washington, D.C. 20005

_____
Timothy G. Lynch
Assistant United States Attorney