UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : Crim. No. 05-359-01,-02, -03 (RMU) |
| DOUGLAS JEMAL, et al. | : |

### GOVERNMENT'S SUBMISSION OF WAIVER

The United States, through its attorney, the United States Attorney for the District of Columbia, in response to the Court's Order of August 2, 2006, respectfully submits the attached proposed conflicts waiver to be executed by defendant Douglas Jemal.

The government's proposed waiver is predicated on the following assumptions:

First, the government has not received the defendant's response to the Government's Request for Hearing to Address Conflict-of-Interest Issue, and thus cannot anticipate factual representations that may be made in that pleading which bear on the issue of Akin Gump's representation of Douglas Jemal.

Second, if Mr. Villegas takes the positions that: 1) he did not waive in July 2003, 2) does not waive today, and 3) insists that his former law firm not participate in the trial in which Mr. Jemal would benefit by the destruction of Mr. Villegas's credibility, the waiver may need to be amended to reflect the likelihood that the Rules of Professional Conduct require Akin Gump to maintain its duty of loyalty toward Mr. Villegas and thus require Akin Gump to actively and affirmatively look out for the interests of Mr. Villegas.[1]

---

[1] As alluded to in its initial pleading, it is not clear as to whether Akin Gump's conflict is waiveable (under Rule 1.7(b) of the Rules of Professional Conduct) or unwaiveable (under Rule 1.7(a)). The Court does not have to decide this legal issue if, as a factual matter, it concludes the July 2003 letter does not operate as a waiver and Mr. Villegas presently declines to waive the conflict.

Third, there is no factual basis to determine whether there has been any sharing of Mr. Villegas's privileged communications from his Akin Gump attorneys to any member of Mr. Jemal's trial team. As noted in the government's initial pleading, Mr. Villegas and Mr. Jemal were both represented by Akin Gump in the summer of 2003. The July 2003 letter makes clear that there were discussions among the Akin Gump attorneys for the two men as to whether the testimony of Mr. Villegas implicated Mr. Jemal, but the extent of the sharing of client confidences and secrets during the period when Akin Gump represented both men is unknown. It is similarly not known if Mr. Jemal's former Akin Gump attorney(s) communicated (either directly or through information contained in their files) to Mr. Jemal's present Akin Gump attorney(s) their understanding as to whether Mr. Villegas could provide damaging testimony against Mr. Jemal, and if so, the nature of the testimony. (The government would expect that Akin Gump personnel be made available to represent that no such sharing has occurred.) If the duty to maintain client secrets and confidences owed by Akin Gump to Mr. Villegas has already been breached, then waiver may not be sufficient.

Finally, this Court will note that the Government requests Mr. Jemal obtain outside advice, from someone not involved or connected with any attorney in this case, concerning his decision as to whether to execute a waiver in this case.

Accordingly, assuming a waiver is sufficient, it is possible that the government may need to

amend the attached waiver to reflect additional information or factual considerations. Nonetheless, with the caveats noted, the government hereby attaches a proposed waiver.

                              RESPECTFULLY SUBMITTED

                              KENNETH L. WAINSTEIN
                              DC Bar No. 451058.
                              UNITED STATES ATTORNEY

By:        _____
                              MARK H. DUBESTER
                              ASSISTANT UNITED STATES ATTORNEY
                              DC Bar No. 339655
                              Timothy G. Lynch
                              555 Fourth Street, N.W., Room 5917
                              Washington, D.C. 20530
                              Ph. (202) 514-7986

CERTIFICATE OF SERVICE

I hereby certify that, on this 3rd day of August, 2006, I caused to be served by electronic filing a copy of the foregoing pleading, to:

Michele A. Roberts, Esquire
Counsel for Douglas Jemal
Akin Gump Straus Hauer & Feld LLP
1333 New Hampshire Avenue, NW
Washington, D.C. 20036

Paul F. Kemp, Esquire
Counsel for Blake C. Esherick
Venable LLP
One Church Street, Fifth Floor
Rockville, MD 20850

Reid H. Weingarten, Esquire
Erik L. Kitchen, Esquire
Brian M. Heberlig, Esquire
Counsel for Douglas Jemal
Steptoe & Johnson
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036

Carol Elder Bruce, Esquire
Lawrence B. Bernard, Esquire
Counsel for Blake C. Esherick
Venable LLP
575 Seventh Street, NW
Washington, D.C. 20004

Christopher B. Mead, Esquire
Counsel for Douglas Jemal
London & Mead
1225 19th Street, NW, Suite 320
Washington, D.C. 20036

Stanley McK. Brand, Esquire
Ross A. Nabatoff, Esquire
Counsel for Norman D. Jemal
Brand Law Group
923 15th Street, NW
Washington, D.C. 20005

_____
Mark H. Dubester
Assistant United States Attorney