UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Action No. 05-359 (RMU) |
| | : | |
| DOUGLAS JEMAL ET AL. | : | |

### GOVERNMENT'S MOTION FOR PRETRIAL RULING ON ADMISSIBILITY OF BUSINESS RECORDS AND AUTHENTICITY OF DOUGLAS DEVELOPMENT RECORDS

The United States of America, through its attorney, the United States Attorney for the District of Columbia, respectfully moves pursuant to Federal Rules of Evidence 104, 402, 901, and 902(11) for a pretrial ruling on (1) the admissibility of certain records the Court has already ruled are authentic business records and (2) the authenticity of documents produced by Douglas Development Corporation. The government brings this motion in an effort to streamline the trial: so that it might move the admission of the business records immediately following opening statements, and so the trial need not be taken up with unnecessary and time-consuming questions laying the foundation for the authenticity of documents whose provenance is not in any doubt.

### BACKGROUND

During the grand jury investigation, several grand jury subpoenas for documents were issued to Douglas Development. Copies of documents were produced under letter of counsel stamped with unique "Bates numbers."[1] Toward the end of the grand jury investigation, certain

---

[1] The letters producing the documents were signed by John M. Dowd, Esquire, of Akin Gump. From prior litigation it is known that Mr. Dowd represented not only Douglas Development but Douglas Jemal personally. Furthermore, Mr. Dowd made it clear in the initial correspondence with the government that Douglas Development sought to make production through counsel and not a custodian. See Letter from John M. Dowd and Jeffery M. King to Mark H. Dubester (September 7, 2004) ("Regarding your question about providing someone from Douglas Development to testify that the production constitutes a complete and compliant production following a diligent search, would you accept a letter from us in which we make that representation?"). The transmittals of the various

originals, identified by Bates number, were produced and accompanied by an affidavit of a Douglas Development employee.[2] Certain Douglas Development documents have since been marked as government exhibits, including government exhibits 100 through 198 and government exhibits 450 through 494.[3]

On July 24, 2006, the government filed a Notice of Intent to Introduce Self-Authenticating Documents Pursuant to Rule 902(11). In its notice, the government set forth a chart showing the various entities that had produced records, a description of the business records produced, the exhibit number of the records, and the exhibit number of the declaration certifying that the records were authentic business records. In particular, the government asked that the "Court * * * decide on the admissibility of such documents * * * at the Pretrial Conference."[4] On August 4, 2006, the defendants filed their opposition to the government's notice, contending

---

boxes of documents were typically accompanied by counsel's representations that the documents were produced "as they were maintained in the ordinary course of business." See Letter from John M. Dowd and Jeffery M. King to Mark H. Dubester (September 13, 2004), at 1, and Letter from John M. Dowd and Jeffery M. King to Mark H. Dubester (September 20, 2004), at 1. Copies of the letters producing documents are attached as Attachment A.

[2]    A copy of this affidavit is attached as Attachment B. For the most part, the "originals" did not have the actual Bates numbers affixed to the documents; instead, the documents were produced with "post-it" notes indicating the Bates numbers. The government's exhibit list has attempted to provide the corresponding Bates numbers for the bulk of the Douglas Development records.

[3]    In addition, Government Exhibits 96 and 98 consist of affidavits of records custodians accompanying specific original documents. These affidavits attest not only to the records produced but also make representations as to the  absence of any other documents responsive to a given subpoena request. The government is not, at this time, urging the authentication of these affidavits and documents, in that these raise potentially different issues. The government expects that it will do so during trial, at a time when the significance of the documents (and absence of documents) is made clear by the evidence, and is likely to rely on the same arguments advanced in this pleading.

[4]    See Government's Notice of Intent to Introduce Self-Authenticating Documents Pursuant to Rule 902(11) (July 24, 2006), at 8.

that the "Court should decline to admit any of the documents at this point * * *."[5] On August 8, 2006, the Court granted the government's request, finding that the records (except for certain handwriting on the documents) were authentic business records and that the government need not call records custodians to authenticate the documents.

## DISCUSSION

### I.  AUTHENTICITY OF DOUGLAS DEVELOPMENT RECORDS

The government requests that the Court rule pretrial that documents produced by Douglas Development by defense counsel are authentic under Rule 901; that is, that they are what the government claims them to be: documents that came from Douglas Development.[6]

Authenticity is a classic "preliminary question" that can be decided outside the presence of the jury. See Fed. R. Evid. 104(a) and 104(b). As the Advisory Committee notes to Rule 901 state: "This requirement of showing authenticity * * * falls in the category of relevancy dependent upon fulfillment of a condition of fact and is governed by the procedure set forth in

---

[5]  Defendants' Objections to the Government's Notice of Intent to Introduce Self-Authenticating Documents Pursuant to Rule 902(11) (Aug. 4, 2006), at 1.

[6]  The principles associated with trial courts' determination of authenticity were recently set forth in by Judge Friedman in United States v. Safavian, 435 F. Supp. 2d 36, 38 (D.D.C. 2006):

> The threshold for the Court's determination of authenticity is not high. See, e.g., United States v. Reilly, [Id.] ("the burden of proof for authentication is slight"); United States v. Holmquist, 36 F.3d 154, 168 (1st Cir.1994) ("the standard for authentication, and hence for admissibility, is one of reasonable likelihood"); United States v. Coohey, 11 F.3d 97, 99 (8th Cir.1993) ("the proponent need only demonstrate a rational basis for its claim that the evidence is what the proponent asserts it to be").


Rule 104(b).[7] In making the authenticity determination, the Court "is not bound by the rules of evidence except those with respect to privileges." Fed. R. Evid. 104(a). The Court can thus consider the proffered letters of defense counsel in satisfying itself that the records produced by agents of Douglas Development are in fact authentic records of that entity. Nearly all the documents in the range of 100 through 198 constitute original Douglas Development documents.[8] These exhibits have been authenticated by counsel who initially produced the Bates numbered copies and by the Douglas Development records custodian who specifically identified the originals by reference to the same Bates numbers.

Government Exhibits 450 through 476 and Government Exhibit 494 constitute Bates numbered copies, produced through former counsel (John Dowd), for which originals were not requested by the government. These are authenticated through the cover letters containing representations of defense counsel.

---

[7] See Fed. R. Evid. 901, Advisory Comm. Note to 1972 Proposed Rule. See also United States v. Reilly, 33 F.3d 1396, 1404 (3d Cir. 1994):

> Rule 901(a) treats preliminary questions of authentication and identification as matters of conditional relevance according to the standards of Rule 104(b). The condition of fact which must be fulfilled by every offer of real proof is whether the evidence is what its proponent claims. 5 Jack B. Weinstein & Margaret A. Berger, Weinstein's Evidence ¶ 901(a)[01] at 901-15 (1993).

See also F.D.I.C. v. Medmark, 902 F. Supp. 1430, 1434 (D. Kan. 1995) (same).

[8] They are presently marked as follows: 100 through 137 and 150 through 198. There was a copying error with respect to a few items, copies of which have not yet been produced (but which have been identified nonetheless on the exhibit list by Bates number). The government has attached an up-to-date exhibit list reflecting the Douglas Development documents presently marked for which it seeks an authenticity ruling. See Attachment C. As is clear from Attachment C, there are a few document numbers, see, e.g., No. 125, for which there are no corresponding marked exhibits.

Government Exhibits 477 through 493 constitute Bates numbered documents, produced June 27, 2006, by present trial counsel for defendant Douglas Jemal.[9] It appears some of these documents should have been produced pursuant to the original grand jury subpoenas. These, too, are authenticated by representations of defense counsel.

There is absolutely no non-frivolous objection to the authenticity of these documents. The documents at issue are "unique" (both by reference to their contents and the unique Bates numbers) and non-fungible. Counsel's representations as to these documents end any serious inquiry or dispute as to the documents' authenticity.[10] Moreover, the defendants have been on notice of the bulk of the particular exhibits marked by the government since last November and would have had every basis as of this day to be able to articulate any principled objections to the authenticity of any such document as having come from Douglas Development.

Granting this motion pre-trial would have the natural result of streamlining certain aspects of the case. The government is not seeking a ruling on admissibility of these documents at this time. The government does propose, however, that, the Court consider having the government prepare a list of the exhibits it is confident it will seek to admit, with brief relevancy proffers, so that the Court may efficiently decide admissibility issues associated with sets of Douglas Development documents without interrupting witness testimony while the jury is seated.

---

[9]   See Letter from Michele Roberts to Mark H. Dubester (June 27, 2006). See Attachment D.

[10]   If the results were otherwise, the government could not use the documents produced by Ms. Roberts because there is no custodian who could otherwise vouch for the documents' authenticity. Certainly her representation that these documents constituted "supplemental subpoena production" should remove all doubt as to the authenticity of the documents as those from Douglas Development Corporation.

Thus, the government respectfully requests that the Court rule, at the August 24, 2006 hearing, that Government exhibits 100 through 198 and 450 through 494, as identified on Attachment C, are authentic—that is, that they are documents, or true copies of documents, that came from Douglas Development pursuant to grand jury subpoenas.[11]

## II.  ADMISSIBILITY OF BUSINESS RECORDS

The Court has already ruled that, with limited exceptions, the documents listed in the government's 902(11) notice were authentic business records. The government respectfully requests that the Court take the next logical step of ruling on the actual admissibility of a certain subset of those documents.

Rule 104(a) of the Federal Rules of Evidence provides that "[p]reliminary questions concerning the * * * admissibility of evidence shall be determined by the court * * *." Fed. R. Evid. 104(a). The government requests that the Court use its Rule 104 powers to rule on the admissibility of certain of the business records, so that the government may formally move the exhibits into evidence immediately following opening statements. The business records in question are relevant to various counts in the Indictment. Thus, Attachment E sets forth in detail the particular exhibits on which the government seeks a pretrial admissibility ruling and sets forth the specific counts of the Indictment as to which the documents are relevant. For example, as to Government Exhibit Nos. 10-11, records from the Bellagio Hotel, in Las Vegas, the government states in Attachment E that the documents are relevant to "Counts One through Eight: to show things of value (hotel accommodations) given to Lorusso and relationship

---

[11]  The government awaits production of additional Douglas Development documents pursuant to its outstanding Rule 17(c) subpoena. The government likely will request a pretrial ruling as to the authenticity of any such documents produced.

between Douglas Jemal and Esherick, and to corroborate Lorusso." See Attachment E at 1. Given, for example, that Count Two of the Indictment alleges that the defendants committed the offense of bribery, there can be no doubt that authentic business records showing the payment by the defendants of Lorusso's accommodations in Las Vegas constitute "evidence having any tendency to make the existence of a fact that is of consequence to the determination of the action more probable * * * than it would be without the evidence." See Fed. R. Evid. 401.

The Court has authority to rule on the admissibility of these documents before the trial commences. "Rule 104(a) now permits the Court to make definitive pretrial evidentiary rulings * * *." United States v. Horn, 185 F. Supp. 2d 530, 534 (D.Md. 2002). There can be no doubt the Court has power to decide relevance and other admissibility questions on a pretrial basis; for the defendants themselves requested that the Court render pretrial relevance decisions when, for example, it moved in limine to bar on relevance grounds evidence of settlements reached by Douglas Development Corporation with its vendors over non-payment of undisputed debts.

The government has chosen a narrow set of business records for a ruling on pretrial admissibility. The particular records set forth in Attachment E were chosen in part because there can be no doubt that they constitute highly relevant evidence regarding various counts in the Indictment.

The government makes this request because it would serve the interest of the Court, the jury, and the government to limit to the greatest extent practicable the time spent during trial arguing or discussing the relevance of exhibits for which, again, there are no non-frivolous objections to admissibility.

## **CONCLUSION**

The government's motion should be granted.

                                                Respectfully submitted,

                                                KENNETH L. WAINSTEIN
                                                UNITED STATES ATTORNEY

By: _____
        Mark H. Dubester
        Timothy G. Lynch, D.C. Bar No. 456506
        Assistant United States Attorneys
        555 4th Street, NW
        Room 5233
        Washington, D.C. 20530
        (202) 353-4862

CERTIFICATE OF SERVICE

    I hereby certify that, on this 18th day of August, 2006, I caused to be served by electronic filing a copy of the foregoing motion and following proposed order to:

Michele A. Roberts, Esquire
Jeffery M. King, Esquire
Counsel for Douglas Jemal
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, NW
Washington, D.C. 20036

Paul F. Kemp, Esquire
Counsel for Blake C. Esherick
Venable LLP
One Church Street, Fifth Floor
Rockville, MD 20850

Reid H. Weingarten, Esquire
Erik L. Kitchen, Esquire
Brian M. Heberlig, Esquire
Counsel for Douglas Jemal
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036

Carol Elder Bruce, Esquire
Lawrence B. Bernard, Esquire
Counsel for Blake C. Esherick
Venable LLP
575 Seventh Street, NW
Washington, D.C. 20004

Christopher B. Mead, Esquire
Counsel for Douglas Jemal
London & Mead
1225 19th Street, NW, Suite 320
Washington, D.C. 20036

Stanley McK. Brand, Esquire
Ross A. Nabatoff, Esquire
Counsel for Norman D. Jemal
Brand Law Group
923 15th Street, NW
Washington, D.C. 20005

Mark H. Dubester
Assistant United States Attorney