UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal Action No. 05-359 (RMU) |
| : | |
| DOUGLAS JEMAL ET AL. : | |

**GOVERNMENT'S OPPOSITION
TO DEFENDANTS' MOTION TO COMPEL THE GOVERNMENT TO
PRODUCE A WITNESS LIST AND ALL JENCKS MATERIALS IMMEDIATELY**

The United States of America, through its attorney, the United States Attorney for the District of Columbia, respectfully opposes defendants' motion to compel the government to produce a witness list and all Jencks materials immediately. As shown below, defendants' motion, which is long on complaints and short on law, should be denied with the same dispatch with which it appears to have been drafted.

## BACKGROUND

In November 2005, as part of its initial disclosures, the government, in the spirit of accommodation, promised that it would disclose Jencks materials for its first seven witnesses on September 5, 2006, and disclose the remaining Jencks materials after opening statements.

At a March 2006 hearing in this case, the government agreed to provide additional pretrial disclosure of Jencks materials. Thus, it stated that it would provide Jencks materials for two likely and potentially significant witnesses—Michael Lorusso and Fernando Villegas—a full sixty days before trial. The government agreed to do so without seeking or obtaining any stipulations, concessions, or accommodations from the defendants.

At the August 8, 2006, Pretrial Conference, the defendants sought earlier disclosure of Jencks materials. The government responded that it would negotiate on this issue but expressed hope that the defendants would be willing to reach stipulations in return for additional disclosures. The Court encouraged the parties to reach an agreement on these issues.

It would serve little purpose to characterize these negotiations other than to note their result: even though the parties were not able to reach agreement on the government's proposed stipulations, the government informed the defendants that it would simply grant their request for additional and earlier Jencks disclosures.

The government's track record of good faith is manifest in its willingness to offer significant pretrial disclosure of Jencks materials and a witness list. Thus, the government provided Jencks materials for Messrs. Lorusso and Villegas sixty days before trial; it will provide Jencks materials for twenty-five of its witnesses on August 29, 2006—or two weeks before any expected testimony; it will provide the remaining materials following opening statements; and it will not call as one of its first seven witnesses anyone for whom it will be providing Jencks materials after openings (so there can be no doubt about the defense team's ability to prepare for cross examination). The government also will provide a witness list on August 29, 2006, giving defendants ample notice.[1]

---

[1] Defendants offer no reason why they need to or should receive the witness list earlier.

## DISCUSSION

Reading defendants' motion to compel, one might get the impression that trial courts have obvious inherent authority to order pretrial production of Jencks materials. One might also get the impression that there is no statute or case law providing that courts <u>lack</u> such authority. Those two impressions would be reasonable because, despite counsels' duty of candor to the Court,[2] and despite the local rule's requirement that motions cite supporting points and authorities,[3] defendants' four-page motion contains <u>not</u> <u>one</u> <u>citation</u> to a statute, case, treatise, or law review article.

As shown below, however, there <u>is</u> law on the issue raised by defendants' motion; it is not hard to find; and it is directly contrary to their position.

### I.   The Missing Statute

To begin, Congress (not the United States Attorney's Office) made absolutely clear that Jencks materials may not be produced in the manner sought by the defense:

> "**Demands for Production of Statements and Reports of Witnesses**
>
> (a) In any criminal prosecution brought by the United States, <u>no statement</u> or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) <u>shall be the subject of</u> subpoena, <u>discovery</u>, or <u>inspection until said witness has testified on direct examination in the trial of the case</u>.

---

[2]   "An attorney can not carry out the practice of law like an ostrich with her head in the sand, ignoring her <u>duty to</u> research and <u>acknowledge adverse precedent and law</u>. Attorneys are not free to assert any and all legal arguments they wish on behalf of their clients, without regard to existing precedent." Roeder v. Islamic Republic of Iran, 195 F. Supp.2d 140, 184 (D.D.C. 2002) (emphasis added).

[3]   See LCrR 47(a) ("**Statement of Points and Authorities.** Each motion shall include or be accompanied by a statement of the specific points of law and authority that support the motion * * *.").

> (b) After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement * * * of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified."

18 U.S.C. § 3500(a)-(b) (emphasis added). That statute, the Jencks Act, provides no authority for defendants to obtain pretrial discovery of witness statements. To the contrary, Congress stated in no uncertain terms that such statements shall not be subject to pretrial discovery or inspection.

## II.   The Missing Case Law

With such clear statutory language, it would not be unreasonable to have expected the defendants to have cited cases holding that Jencks material is nonetheless subject to pretrial discovery. But, as noted above, not only did defendants fail to cite any such cases, they failed to cite the numerous, unyielding opinions in this jurisdiction and elsewhere holding that the Jencks statute means exactly what it says.[4]

Thus, our Court of Appeals rejected the very arguments raised by the defendants in their motion when it affirmed convictions for conspiracy and other crimes in denying a claim that a trial court had erred by refusing defendants' requests for early discovery of witness statements. United States v. Tarantino, 846 F.2d 1384, 1414-15 (D.C. Cir. 1988). The D.C. Circuit thus held:

---

[4] Not only are defendants' legal arguments nonexistent, but their factual ones are unpersuasive (if not misleading). The defendants twice refer to the government's commitment to provide Jencks material nine days before trial; but, as the calendar makes clear, defendants will receive the materials at least two weeks (surrounding a two-day and three-day weekend) before the testimony of the government's first witness, and indeed, potentially four or five weeks before the testimony of others. Further, the defendants implausibly proclaim an inability to understand the government's theory of the case, despite the detailed thirty-nine page indictment and substantial pretrial litigation in which evidentiary and legal issues were discussed at length.

> "In balancing a criminal defendant's need for such statements against legitimate state interests, Congress provided for discovery of statements only <u>after</u> the witness has testified, out of concern for witness intimidation, subornation of perjury, and other threats to the integrity of the trial process. <u>This congressional determination is not to be disregarded by the courts</u>."

<u>Id</u>. at 814 (emphasis added). Trial courts in this jurisdiction thus routinely reject motions exactly like those brought by the defendants. See, <u>e.g.</u>, <u>United States</u> v. <u>Hsin-Yung</u>, 97 F. Supp. 2d 24, 36 (D.D.C. 2000) (denying defendants' request "that Jencks material be produced 'reasonably in advance' of trial" because "[t]he Court declines to require [the government] to do more than the statute requires * * *."); <u>United States</u> v. <u>Powell</u>, Crim. No. 87-0264, 1987 WL 18218, at *1 (D.D.C. Sept. 28, 1987) (denying defendants' motion for "early production of <u>Jencks</u> material" where government agreed to provide such material "at the conclusion of defendants' opening statement, if not earlier."); <u>United States</u> v. <u>Nugent</u>, Crim. No. 91-0559, 1992 WL 35139 (D.D.C. Feb. 5, 1992) (denying defendants' motion for pretrial discovery of Jencks materials where government agreed to provide "the materials pertaining to each government witness at least one day before that witness testifies").

. Courts in other jurisdictions have similarly rejected the notion that there is any "inherent authority" under which defendants may obtain pretrial discovery of Jencks materials. Thus, the Second Circuit used its mandamus powers to reverse a trial court that had ordered pretrial disclosure of Jencks materials. <u>In re United States</u>, 834 F.2d 283 (2d Cir. 1987). As the court held, "the Jencks Act controlled, and the district court <u>had no inherent authority to modify or amend the provisions of that Act</u>." <u>Id</u>. at 287 (emphasis added). Similarly, the Sixth Circuit reversed a trial court that relied on its "inherent powers" to order pretrial disclosure of Jencks material. See <u>United States</u> v. <u>Algie</u>, 667 F.2d 569, 570-72 (6th Cir. 1982); see also <u>United</u>

States v. Spagnuolo, 515 F.2d 818, 820-21 (9th Cir. 1975) (reversing trial court for ordering government to produce Jencks material pretrial because "[t]he purpose of the Jencks Act is to restrict judicial power to order discovery against the government in criminal cases.").

## CONCLUSION

The defendants' motion should be denied.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

By: _____
Mark H. Dubester, D.C. Bar No. 339655
Timothy G. Lynch, D.C. Bar No. 456506
Assistant United States Attorneys
555 4th Street, NW
Room 5233
Washington, D.C. 20530
(202) 353-4862

## CERTIFICATE OF SERVICE

I hereby certify that, on this 19th day of August, 2006, I caused to be served by electronic filing a copy of the foregoing opposition and following proposed order to:

Michele A. Roberts, Esquire
Jeffery M. King, Esquire
Counsel for Douglas Jemal
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, NW
Washington, D.C. 20036

Paul F. Kemp, Esquire
Counsel for Blake C. Esherick
Venable LLP
One Church Street, Fifth Floor
Rockville, MD 20850

Reid H. Weingarten, Esquire
Erik L. Kitchen, Esquire
Brian M. Heberlig, Esquire
Counsel for Douglas Jemal
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036

Carol Elder Bruce, Esquire
Lawrence B. Bernard, Esquire
Counsel for Blake C. Esherick
Venable LLP
575 Seventh Street, NW
Washington, D.C. 20004

Christopher B. Mead, Esquire
Counsel for Douglas Jemal
London & Mead
1225 19th Street, NW, Suite 320
Washington, D.C. 20036

Stanley McK. Brand, Esquire
Ross A. Nabatoff, Esquire
Counsel for Norman D. Jemal
Brand Law Group
923 15th Street, NW
Washington, D.C. 20005

Mark H. Dubester
Assistant United States Attorney