UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES, | ) |
| v. | ) Crim. No. 05-0359-1, -2, -3 (RMU) |
| DOUGLAS JEMAL, et al., | ) |
| Defendants. | ) |

**REPLY MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO COMPEL THE GOVERNMENT
TO PRODUCE A WITNESS LIST AND ALL JENCKS MATERIAL IMMEDIATELY**

The Court should order the government to produce a witness list and all Jencks material to the defense immediately. The Defendants need this critical information to prepare adequately for the trial, which is scheduled to begin in a mere three weeks.

The government offers no reason why it has refused to produce these materials to date. Instead, the government devotes its opposition to arguing that the Court has no power to order a reasonable pretrial disclosure schedule under the literal terms of the Jencks Act. The government does not contend, nor could it, that its refusal to produce the witness list and Jencks materials in a timely fashion is based on any legitimate concerns for witness safety. In a case of this length and complexity, in which the government has produced tens of thousand of pages in discovery and apparently intends to call more than thirty witnesses in its case-in-chief, the government's refusal to produce a witness list and Jencks material in a timely manner smacks of gamesmanship. Indeed, the government does not even attempt to justify its unilateral decision to withhold the Jencks material for all current and former Douglas Development Corporation

employees, consultants or business partners until after opening statements -- a decision that can only be based on a "trial by ambush" tactical strategy.

There is no question that the Court has broad discretion to order the government to produce a witness list to the defense. United States v. Madeoy, 652 F. Supp. 371, 375 (D.D.C. 1987). Among the factors to be considered in resolving such a request are (1) whether the witness list is needed for trial preparation, effective cross-examination and trial expediency, (2) whether there is any possibility of witness intimidation, and (3) the intrinsic reasonableness of the request. Id. at 375-76. Based on these factors, the Court in Madeoy ordered the government to disclose a witness list at the pretrial motions phase of the case, stating:

> In view of the very large number of witnesses and documents involved in this case, the intrinsic reasonableness of the request, and the extreme lack of likelihood of witness intimidation, the Court concludes that defendants have established a compelling need for the government's witness list. It is to be expected that production of the list will simplify the administration of a complex trial without causing prejudice to the prosecution or its witnesses.

Id. at 376; see also United States v. Poindexter, 727 F. Supp. 1470, 1483 (D.D.C. 1989) (ordering the government to produce a witness list at the motions phase of a case).

In this case, all of these factors weigh in favor of disclosure. The government's discovery has consisted of tens of thousands of pages of documents. The government plans to call over thirty witnesses in its case-in-chief. There is no possibility of witness intimidation. And the request is intrinsically reasonable. In fact, unlike in Madeoy, where the defense sought a witness list during the discovery phase of the case, the Defendants seek a witness list a mere three weeks prior to trial. The Court should order the government to produce a witness list immediately.

The Court should also strongly encourage the government to produce Jencks material for all government witnesses immediately.  Defendants recognize that the literal terms of the Jencks Act permit the government to refuse to disclose a witness's statement until after the witness testifies on direct examination.  As the government well knows, however, the government typically provides the Jencks material sufficiently far in advance of trial so as to avoid the need for numerous mid-trial continuances to permit effective use of the witness statements.  The length of time prior to trial needed for disclosure to be reasonable depends on the nature of the case.  In a case of this anticipated length and complexity, the Jencks disclosures should have taken place at least thirty days prior to trial.

As the D.C. Circuit has recognized, the ABA's policy standards "admonish prosecutors to disclose Jencks Act material to defense counsel 'as soon as practicable following the filing of charges against the accused,'" because "[a] criminal trial is not 'a game or sporting contest,' but 'a serious inquiry aiming to distinguish between guilt and innocence.'" United States v. Hinton, 631 F.2d 769, 779-80 (D.C. Cir. 1980) (citations omitted).  For these reasons, district courts have long encouraged prosecutors to disclose Jencks material in a timely fashion or run the risk that the court will grant numerous mid-trial continuances.  In Poindexter, for example, facing a case of similar complexity as this one, the Court strongly encouraged the government to disclose Jencks material between two weeks and one month prior to trial:

> [I]n a case as complex as this, and involving as many witnesses, delay of production of these [Jencks] materials until the time of the witness' testimony would be likely to cause extensive trial delays, since production after the witness has testified on direct might, in fairness, require the Court in many instances to recess so as to permit defense counsel to consider the impact of the documents prior to cross examination.

> In response to these considerations, the government has agreed to produce these materials two weeks before the trial date, as it did in the *North* case, and that is all that will affirmatively be required at this time.
>
> However, there apparently exist a considerable amount of prior testimony and other witness statements, and even a two-week period may therefore not be completely adequate for proper preparation of defense counsel for cross examination. Moreover, the Court is mindful of the fact that the late production requirements of the Jencks statute were adopted primarily to protect witnesses from intimidation or worse. Such interference may safely be discounted in this case. Accordingly, if the government anticipates that the Jencks material will be truly voluminous, and if it has the documents readily available, it should produce the Jencks material one month prior to the start of the trial.

Poindexter, 727 F. Supp. at 1484-85 (footnotes omitted); see also United States v. Diaz, No. CR 05-0167, 2006 WL 2038487, at *9 (N.D. Cal. July 20, 2006) (ordering disclosure of Jencks material 90 days prior to trial if the government wanted a blanket guarantee of no mid-trial continuances based on untimely Jencks disclosures).

      Similarly, given that there is no risk of witness intimidation in this case, the Court should strongly encourage the government to disclose all Jencks material immediately, a mere three weeks prior to trial, or risk the Court granting the Defendants a continuance following the government's Jencks disclosures to permit adequate time to review these critical materials.

In sum, Defendants respectfully request that the Court order the government to disclose a witness list and the Jencks material for all government witnesses immediately.

Respectfully submitted,

/s/ Reid H. Weingarten

Reid H. Weingarten (D.C. Bar #365893)
Brian M. Heberlig (D.C. Bar #455381)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795
(202) 429-3000

Michele A. Roberts
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 887-4306

Christopher B. Mead
London & Mead
1225 19th Street, N.W.
Suite 320
Washington, D.C. 20036
(202) 331-3334

Counsel for Douglas Jemal


Stanley M. Brand
Ross Nabatoff
The Brand Law Group
923 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 662-9700

Counsel for Norman Jemal

        Paul Kemp
        Carol Elder Bruce
        Venable LLP
        575 7th Street, N.W.
        Washington, D.C.  20004
        (202) 344-4400

        Counsel for Blake Esherick

Dated:  August 20, 2006