## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA  :
          :
   v.       :  **Criminal Action No. 05-359 (RMU)**
          :
DOUGLAS JEMAL ET AL.   :

### GOVERNMENT'S MOTION FOR AMENDMENTS TO COURT'S ORDER
### REGARDING PROCEDURE FOR FILING MOTIONS *IN LIMINE* DURING TRIAL

The United States of America, through its attorney, the United States Attorney for the District of Columbia, respectfully requests that the Court amend its Order regarding the procedure for filing motions in limine during trial. As shown below, the government's proposed amendments would (1) streamline the trial by avoiding the need for some motions in limine, and (2) ensure that the court docket for this case is complete.

### BACKGROUND

During the August 24, 2006, interim pretrial status hearing, the Court discussed the procedure for filing motions in limine during trial.[1] The Court began by stating that, immediately after the proceedings in trial on any particular day, the parties should get together to discuss issues that might arise the following day. The Court then ordered that any motions in limine be filed by 7:00 a.m.; that responses be filed by 7:45 a.m.; and that any replies be filed by 8:15 a.m.

The government requested that any moving party notify the opposition of its intent to file a motion in limine by 7:00 p.m.; defense counsel contended that defendants would not know whether they planned to file motions until later in the night; and the Court ordered that moving parties notify the opposition by no later than 11:00 p.m. of their intent to file a motion in limine the following morning.

---

[1] The government has not yet received the transcript for this hearing.

On August 31, 2006, pursuant to the Court's August 24, 2006, Order, the government provided defendants with Jencks materials for the government's witnesses. The government also provided a witness list to the defendants on August 31, 2006.

## DISCUSSION

**I.     Meet and Confer Requirement.**

The defendants—possessing tens of thousands of pages of discovery, having received on a pretrial basis the government's Jencks materials and witness list, and having extensively litigated issues through pretrial motions in limine and proposed jury instructions—understand the government's case and the evidentiary issues it will likely present.

In the interests of efficiency and fairness, the government respectfully requests that, for motions in limine filed during trial, the Court amend its Order to require that any movant certify that it met and conferred with opposing counsel but was not able to reach agreement on the issue.

The government respectfully submits that it will be available to meet and confer with defense counsel at the close of trial each day. Moreover, if, after the parties return to their offices, they think of an issue that might require motions practice, the government respectfully submits that it will be available to meet and confer thereafter.

However, the government respectfully requests that the Court amend its Order to the extent it only requires movants to notify the opposing side by 11:00 p.m. of their intent to file a motion the next morning. It is highly unlikely a party would not realize it needed to file a motion until 10:59 p.m. In truth, most motions would be well under way to completion before then.

Hence the government requests (1) that any party filing a motion in limine during trial certify in its motion that it met and conferred with the other side but was not able to obtain negotiated relief; and (2) that the meet and confer process take place no later than 9:00 p.m.

An earlier (but by no means burdensome) meet and confer requirement will streamline the motions practice in trial. First, it will likely mean that some prospective motions will not need to be filed. Second, it will give opponents more time to research the law, thereby giving the Court better pleadings. As it now stands, an opponent will have only 45 minutes in which to read and respond to a motion in limine. Depending on the motion, that simply might not be enough time to respond adequately. Moreover, given that the defendants have such a thoroughgoing understanding of the government's case, there is no prejudice to them in having to alert the government by 9:00 p.m. through a meet and confer process of their intent to file a motion in limine the next morning.

Without changes to the procedure for filing motions in limine, a party could file at 7:00 a.m. multiple, complicated motions raising for the first time novel or complicated issues of law. It would not be fair to require an opposing party to stay tethered to its desks until 11:00 p.m. to receive word about impending motions, so that it could begin its research at 11:01 p.m., after a full day in court.

These are not mere idle or speculative concerns. If the 653-page Joint Pretrial Statement is any indication, there could be a significant motions practice during trial.

The government respectfully submits that parties should be able to make the required certification by showing that they met and conferred (1) in person, (2) by conference call, or (3) through e-mail inquiries. That broad range of options would limit the burden of this proposal.

Finally, the government can think of no non-tactical reasons to oppose such a 9:00 p.m. meet-and-confer requirement. If trial motions in limine are not primarily about "trial by ambush,"[2] and instead simply represent reasonable evidentiary disagreements, there is no reason the parties cannot meet and confer on an issue by 9:00 p.m.—four and a half hours after the close of testimony for the day.[3]

## II.    Filing with Deputy Clerk.

The government also respectfully requests that the Court require that all motions in limine during trial—in whatever form—be filed by email with the Court's law clerks and courtroom deputy clerk. In that way, all such motions would be placed on the court docket, and the record would be complete.

### CONCLUSION

The government's motion should be granted.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

By:    _____

Mark H. Dubester, D.C. Bar No. 339655
Timothy G. Lynch, D.C. Bar No. 456506
Assistant United States Attorneys
555 4th Street, NW
Room 5233
Washington, D.C. 20530
(202) 353-4862

---

[2]    See Reply Memorandum in Support of Defendants' Motion to Compel the Government to Produce a Witness List and All Jencks Material Immediately (Aug. 20, 2006), at 2.

[3]    See Standing Order ¶ 10(a) (setting trial schedule as 10:00 a.m. to 12:30 p.m. and 1:45 p.m. to 4:30 p.m.).

CERTIFICATE OF SERVICE

I hereby certify that, on this 3rd day of September, 2006, I caused to be served by electronic filing a copy of the foregoing motion to:

Michele A. Roberts, Esquire
Jeffery M. King, Esquire
Counsel for Douglas Jemal
Akin Gump Strauss Hauer & Feld
LLP
1333 New Hampshire Avenue, NW
Washington, D.C. 20036

Paul F. Kemp, Esquire
Counsel for Blake C. Esherick
Venable LLP
One Church Street, Fifth Floor
Rockville, MD 20850

Reid H. Weingarten, Esquire
Erik L. Kitchen, Esquire
Brian M. Heberlig, Esquire
Counsel for Douglas Jemal
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036

Carol Elder Bruce, Esquire
Lawrence B. Bernard, Esquire
Counsel for Blake C. Esherick
Venable LLP
575 Seventh Street, NW
Washington, D.C. 20004

Christopher B. Mead, Esquire
Counsel for Douglas Jemal
London & Mead
1225 19th Street, NW, Suite 320
Washington, D.C. 20036

Stanley McK. Brand, Esquire
Ross A. Nabatoff, Esquire
Counsel for Norman D. Jemal
Brand Law Group
923 15th Street, NW
Washington, D.C. 20005

_____
Mark H. Dubester
Assistant United States Attorney