UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| v. | ) | Crim. No. 05-0359-1, -2, -3 (RMU) |
| | ) | |
| DOUGLAS JEMAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE THE
GOVERNMENT FROM MENTIONING CERTAIN THINGS OF VALUE
THAT MICHAEL LORUSSO RECEIVED FROM FERNANDO VILLEGAS
IN THE GOVERNMENT'S OPENING STATEMENT**

Before filing this motion, one of the undersigned counsel for the defendant Douglas Jemal conferred by telephone and in person (on September 7, 2006) with one of the government's attorneys regarding the relief sought in this motion, but the parties were unable to resolve the issue without litigation.

Defendants Douglas Jemal, Norman D. Jemal, and Blake Esherick ("Defendants"), through counsel, respectfully request that the Court, pursuant to Federal Rules of Evidence 401, 402, and 403, preclude the government from mentioning in its opening statement that Michael Lorusso received a wrist-watch and a trip to Florida from Fernando Villegas, an individual on the government's witness list. As explained below, such evidence of Lorusso's involvement in a separate criminal transaction is irrelevant to determining whether or not the Defendants acted with the corrupt intent to influence Lorusso, would confuse and mislead the jury, and the very mention of the fact that Lorusso received these two items from Villegas would be incurably prejudicial.

The Indictment alleges, in substantial part, that the Defendants provided various things of value to then Deputy Director of the District's Office of Property Management Michael Lorusso in order to influence, or induce Lorusso to perform, a series of official acts. Specifically, the indictment alleges that among those things of value are a Rolex brand wrist-watch and an offer to take Lorusso on a "trip to Florida."[1]

In the Jencks material provided by the government to the Defendants, it appears that a government witness, Fernando Villegas, provided things of value to Lorusso. The Jencks material indicates that among the things of value that Mr. Villegas provided Lorusso were a trip to Florida and a Cartier brand wrist-watch. Villegas and Lorusso each pleaded guilty before this Court to one count of conspiracy to commit bribery. It was not alleged, and has not been alleged, that the Defendants were part of that conspiracy. The Defendants are charged in an entirely separate conspiracy with Lorusso.

The Court should preclude the government from mentioning the watch and the Florida trip that Villegas gave to Lorusso for the following reasons.

First, irrelevant evidence is not admissible. See Fed. R. Evid. 402.[2] Evidence of Lorusso's involvement in a separate criminal transaction with Villegas is irrelevant to the determination of whether or not the Defendants Douglas Jemal, Norman Jemal and Blake Esherick acted with corrupt intent to influence Lorusso when and if they gave a watch or a

---

[1] See, e.g., Indictment at Count One 15(c) and (f), and Count Two paragraphs c and f.

[2] Evidence is irrelevant if it does not have "any tendency to make the existence of any fact that is of consequence of the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

Florida trip to Lorusso. See United States v. Fleetwood, 528 F.2d 528 (5th Cir. 1976) (reversing conviction and holding that testimony by non-defendant grain inspectors who accepted bribes from a shipping agent during trial of defendant (another grain inspector) charged with soliciting bribes from the same shipping agent was erroneously admitted into evidence). See also Commonwealth v. Tobin, 467 N.E.2d 826, 834-35 (Mass. 1984).

Although a state-law bribery case, Commonwealth v. Tobin is helpful to the Court's analysis of Defendants' motion. In that case, defendant Tobin was convicted of bribing Reinstein, a former mayor. At trial, the prosecution introduced evidence of other bribes that Reinstein had solicited and accepted from people other than Tobin. The parties agreed that Tobin was not involved in these other bribes. The Supreme Judicial Court of Massachusetts held that it was error to admit this evidence because the evidence was not relevant to Tobin's guilt or innocence:

> Evidence of Reinstein's participation in this combination did nothing to prove either the purpose or the course of operations of the [separate] enterprise in which Tobin was involved . . . . Moreover, evidence of the relationship between Reinstein and the other participants in the second enterprise was not relevant to their involvement in the earlier and completely separate scheme involving Tobin . . . . The judge therefore improperly admitted the evidence concerning the second enterprise.

Tobin, 467 N.E.2d at 835.[3]

---

[3] Although it found such evidence to be irrelevant, inadmissible, and thus error to have been admitted, the court in Tobin did not reverse the conviction because it found the error was harmless based on the brevity of the improper testimony. In contrast, the substantial prejudice in the instant case is discussed below.

Here, the Defendants are not charged with having participated in the Villegas-Lorusso conspiracy, and the provision of a watch or trip by Villegas to Lorusso has no relevant bearing on the Defendants' intent when and if they gave a watch or a trip to Lorusso.

Second, even assuming *arguendo* that such evidence has any probative value (which it does not), any value is substantially outweighed by the fact that the evidence will confuse and mislead the jury because of the superficial similarity between the gifts Villegas gave Lorusso and the ones the Defendants are alleged to have given to Lorusso (i.e., a wrist watch and a trip to Florida). See Fed. R. Evid. 403. The similarity between the types of gifts alleged in the Indictment and those to which Lorusso and Villegas pleaded guilty is precisely why the government wants to introduce the evidence; the government hopes that the jury will dispense with any effort to determine the Defendants' intent and rather be misled into concluding that the very fact that the items are so similar must mean that the Defendants are guilty too.

Moreover, any mention of the watch or trip given by Villegas to Lorusso in this case would be highly prejudicial and not harmless for the same reasons. See Fed. R. Evid. 403. Indeed, the prejudice is substantial because once the jurors hear that Lorusso and Villegas pleaded guilty to exchanging nearly the same things of value that Lorusso is alleged to have received from the Defendants, jurors will be hard pressed (if not unable) to avoid concluding that the Defendants must be guilty simply because the items of value are so similar. The jurors inevitably will ignore or not pay attention to other evidence and will fail to understand that the fact that Lorusso received particular gifts from Villegas has nothing whatsoever to do with the intent of the Defendants.

For all of the foregoing reasons, Defendants request that the Court grant their motion and preclude the government from mentioning the watch and the Florida trip that Lorusso received from Villegas in the government's opening statement.

Respectfully submitted,

_____
Reid H. Weingarten (D.C. Bar #365893)
Brian M. Heberlig (D.C. Bar #455381)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795
 (202) 429-3000

Michele A. Roberts (D.C. Bar #337998)
Jeffrey M. King (D.C. Bar #461644)
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C.  20036
(202) 887-4306

Christopher B. Mead
London & Mead
1225 19th Street, N.W., Suite 320
Washington, D.C.  20036
(202) 331-3334

Counsel for Douglas Jemal


Stanley M. Brand
Ross Nabatoff
The Brand Law Group
923 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 662-9700

Counsel for Norman Jemal

        Paul Kemp  
        Carol Elder Bruce  
        Venable LLP  
        575 7th Street, N.W.  
        Washington, D.C. 20004  
        (202) 344-4400  

        Counsel for Blake Esherick

Dated: September 7, 2006