UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA   : | |
| :  | |
| v.   : | Criminal Action No. 05-359 (RMU) |
| :  | |
| DOUGLAS JEMAL ET AL.   : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
TO COMPEL THE GOVERNMENT TO IDENTIFY TRIAL
EXHIBITS THE DAY BEFORE THEY ARE USED IN COURT**

The United States of America, through its attorney, the United States Attorney for the District of Columbia, respectfully opposes the defendants' motion to compel the government to identify trial exhibits the day before they are used in Court.

## BACKGROUND

The defendants' request for a detailed list of any and all exhibits the government may show its witnesses must be viewed against the following background:

- The defendants were indicted in a detailed thirty-nine page Indictment, the meaning of which was fully explored in a vigorous motions practice—including a motion for a bill of particulars;

- The defendants, starting in November of 2005, received the vast majority of the documents in this case and have thus had nearly a year in which to know which exhibits may be relevant to the case and to the testimony of particular witnesses;

- Sixty days before trial, the defendants received Jencks material for two of the government's likely witnesses, Michael Lorusso and Fernando Villegas;

- Two weeks before trial, pursuant to the Court's Order that the government produce Jencks materials before trial, the defendants received (a) grand jury materials for the government's witnesses, (b) FBI 302s for witnesses, (c) rough notes of the FBI 302s, and (d) a witness list;

- Shortly thereafter, before trial, the defense requested and received a list of the grand jury exhibits that had been shown to each likely government witness in the grand jury. <u>The defense already had these exhibits, for they had been marked as Government Exhibits 350-430, 51-58, and Brownell 138-48, but the defense was given a chart so they could see exactly which exhibits were relevant to each witness's grand jury testimony</u>;

- On September 7, 2006, the government gave the defense an approximate order of witnesses in the government's case, so the defense could prepare accordingly;

- On September 11, 2006, the government gave a detailed, fact-based opening statement in which it offered further guidance to the defense on its theory of the case;

- On September 11, 2006, and September 12, 2006, the government emailed the defense its best understanding of the exhibits or topics it would be covering with respect to its expected witnesses, see Exhibit A. In particular, the government's notice to the defendants of Dave Medding's likely testimony explicitly tracked the ebb and flow of Mr. Medding's grand jury testimony, which, as noted above, the defendants have had for several weeks (along with an understanding of each and every exhibit shown to him in the grand jury). ;

- On each day of trial, the government has given advance notice to the defense of the likely government witnesses.

## DISCUSSION

The government has acted in good faith to apprize the defense of every aspect of its entire case, including giving the defendants all the grand jury exhibits shown to each likely government witness. The defendants have had the vast majority of the exhibits in this case for nearly a year. The defendants obtained the government's Jencks materials, and an approximate order of the government's witnesses before trial. The government has strived to keep the defense informed on an hour-by-hour basis of its likely witnesses and the exhibits or topics it expects to seek.

Now, the defense team seeks yet more. The government respectfully requests that the Court deny the motion. The defense is obligated to prepare its own defense, and not rely on the government to do its work for them.

In an effort to avoid unnecessary bench conferences, the government will continue its practice of informing the defense—as soon as is practicable—of its likely witnesses and the exhibits or topics the government expect will arise. But the government respectfully submits that the government should not be ordered to produce a detailed list of each and every exhibit by 7:00 p.m. It is also worth noting that the defense possessed the financial statement of Mr. Esherick that he provided to the Maryland Court in his divorce case since November 2005, and the relevance of his assertion of his income level in that filing is obvious. The defendants did not file any Bruton motion until a break during Court yesterday. Moreover, contrary to the assertions in defendants' motion, the government's email notice **did** inform the defense of its specific intent to display Government Exhibit 47 to Ms. Gill.[1]  See Exhibit A.

---

[1] The government did not have this email in court at the time this issue was raised.

The government is not seeking to surprise the defense. Indeed, the notion that the defense team could be surprised by the relevance of any particular exhibit to any particular witness is absurd, given the amount of time and information they have possessed to prepare for this trial.

Finally, defense counsel has cited no authority—no case, no treatise, no law review article—for the proposition that it is entitled to a detailed list of every exhibit the government may show any of its witnesses. That silence speaks volumes.

## CONCLUSION

The defendants' motion should be denied.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

By: _____
Timothy G. Lynch, D.C. Bar No. 456506
Assistant United States Attorneys
555 4th Street, NW
Room 5233
Washington, D.C. 20530
(202) 353-4862

## CERTIFICATE OF SERVICE

I hereby certify that, on this 13th day of September, 2006, I caused to be served by electronic filing a copy of the foregoing motion to:

Michele A. Roberts, Esquire
Jeffery M. King, Esquire
Counsel for Douglas Jemal
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, NW
Washington, D.C. 20036

Paul F. Kemp, Esquire
Counsel for Blake C. Esherick
Venable LLP
One Church Street, Fifth Floor
Rockville, MD 20850

Reid H. Weingarten, Esquire
Erik L. Kitchen, Esquire
Brian M. Heberlig, Esquire
Counsel for Douglas Jemal
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036

Carol Elder Bruce, Esquire
Lawrence B. Bernard, Esquire
Counsel for Blake C. Esherick
Venable LLP
575 Seventh Street, NW
Washington, D.C. 20004

Christopher B. Mead, Esquire
Counsel for Douglas Jemal
London & Mead
1225 19th Street, NW, Suite 320
Washington, D.C. 20036

Stanley McK. Brand, Esquire
Ross A. Nabatoff, Esquire
Counsel for Norman D. Jemal
Brand Law Group
923 15th Street, NW
Washington, D.C. 20005

_____
Mark H. Dubester
Assistant United States Attorney