UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES,** )  | |
| ) | |
| v. ) | Crim. No. 05-0359-1, -2, -3 (RMU) |
| ) | |
| **DOUGLAS JEMAL, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**REPLY MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO COMPEL THE GOVERNMENT TO
IDENTIFY TRIAL EXHIBITS THE DAY BEFORE THEY ARE USED IN COURT**

The Court should grant the Defendants' motion.

The government's claim that it notified the Defendants of its exhibits in advance is simply incorrect. First, the government claims that it notified the Defendants of its intent to display GX 47 to Barbara Gill. The government contends that an email attached to its motion provided this notice. The government fails to recognize that the email in question was sent from Mr. Dubester to Mr. Lynch. No defense counsel received this email. This may have been an inadvertent error by government counsel, but the fact remains that the government did not notify the Defendants of its intent to use the exhibit.

Second, the government contends that it notified the defense of the rough categories of exhibits it intends to use with Mr. Medding by an email yesterday at 7:53 p.m. Although this email appears to have been addressed to defense counsel, no one on the defense team received the email. Defendants do not know if the government experienced computer problems or if the email was inadvertently not sent, but again the fact remains that the defense did not receive notice of the exhibits the government intends to use with Mr. Medding until the

- 2 -

government filed its opposition at 8:04 a.m. this morning (19 minutes after the mandatory deadline).[1]  In any event, the government's notice in that email is deficient.  The government identified only broad categories of documents rather than the actual exhibits it intends to use.  Defendants again have to waste precious time combing through the 700 government exhibits trying to decipher exactly what it is the government intends to use.  When the government knows precisely the government exhibit numbers it intends to use with its witnesses, the only reason for its refusal to identify this basic information is an apparent desire to gain a tactical advantage by surprising the Defendants and preventing meaningful objections supported by research.

The government's claim that the Defendants have had all of the government exhibits for a substantial period of time is irrelevant to this inquiry.  There are a great number of exhibits in the government's list that the Defendants contend are irrelevant, prejudicial and inadmissible.  However, Defendants doubt that the government intends to admit all of these exhibits.  If the Defendants were required to go through all of these exhibits and identify the problematic exhibits, the parties would require several hours or even days of court time to deal with the issues.  There is no reason to go down that road.  The far more efficient solution is for the government to identify the exhibits it actually intends to use by 7:00 p.m. the night before it

---

[1] If the government cannot resolve its technical difficulties, the Defendants respectfully request that the government be ordered to fax communications to defense counsel to ensure that we actually receive communications from the government.

intends to use them to permit the Defendants to raise any objections in a timely and comprehensive manner.

                              Respectfully submitted,

/s/ *signature*

Reid H. Weingarten (D.C. Bar #365893)
Brian M. Heberlig (D.C. Bar #455381)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795
(202) 429-3000

Michele A. Roberts
Jeffrey M. King
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 887-4306

Christopher B. Mead
London & Mead
1225 19th Street, N.W.
Suite 320
Washington, D.C. 20036
(202) 331-3334

Counsel for Douglas Jemal


Stanley M. Brand
Ross Nabatoff
The Brand Law Group
923 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 662-9700

Counsel for Norman Jemal

- 4 -

          Paul Kemp
          Carol Elder Bruce
          Venable LLP
          575 7th Street, N.W.
          Washington, D.C.  20004
          (202) 344-4400

          Counsel for Blake Esherick

Dated: September 13, 2006