UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Criminal Action No. 05-359 (RMU) |
| | : |
| DOUGLAS JEMAL ET AL. | : |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE
TO PRECLUDE THE GOVERNMENT FROM INTRODUCING CERTAIN
STATEMENTS OF DEFENDANT ESHERICK RELATING TO HIS INCOME**

The United States of America, through its attorney, the United States Attorney for the District of Columbia, respectfully opposes defendant Douglas Jemal's motion in limine to preclude the government from introducing certain statements Blake Esherick made in credit card applications and to a court regarding his gross income.

As an initial matter, the government respectfully submits that the defendant's motion should be denied because the defendant had the exhibits for months and yet provides no compelling explanation for late-filing this motion after having filed substantial motions in limine with the Joint Pretrial Statement. See Standing Order ¶ 9. Indeed, the government specifically promised the jury in its opening statement that it would introduce evidence at trial showing that Blake Esherick represented his true income to others at a significantly higher level than what he represented in his statements to the Internal Revenue Service. Excluding the exhibits would not only be inappropriate under the legal theory raised in defendant's motion, it would unfairly prejudice the government because the jury could infer that the government failed to meet a promise made in its opening statement.

Mr. Esherick has been charged with tax evasion, for, among other things, filing tax returns reporting his income to be $70,000 when, as the Indictment alleges, his true income was substantially in excess of that amount. These documents are profoundly relevant and clearly admissible against Mr. Esherick. They constitute statements whereby the jury could conclude that Mr. Esherick understood his true income to be an amount other than the amount he reported to the United States.

Defendant's motion should be denied because there is no <u>Bruton</u> issue here. The statements, which are Mr. Esherick's, simply reflect <u>his</u> statements to third parties about, for example, <u>his</u> gross household income, from all sources. Nonetheless, the government would not oppose a limiting instruction informing the jury that the statements are only admitted against Mr. Esherick.

## **BACKGROUND**

Defendant objects to the admission of four exhibits, which are attached:

- Government Exhibit No. 39 is a one-page credit application submitted by Mr. Esherick that lists his employer as Douglas Development and lists his salary as $6,667.67 per month;

- Government Exhibit No. 44 constitutes three pages representing three separate Visa credit card applications. Bates No. 1 is an application signed by Mr. Esherick on May 4, 2000, which states that his employer is Douglas Development and that his "Annual Household Income" is "$115,000." Bates No. 2 is an application signed by Mr. Esherick on January 3, 2001, which states that his employer is Douglas Development and that his "Gross Household Income" is "$150,000." Bates No. 3 is an application signed by Mr. Esherick

on August 16, 2004, which makes no mention of his employer (other than his work phone) and which represents that his "Gross Yearly Household Income" is "$200,000";

- Government Exhibit No. 47 is a one-page Financial Statement submitted in Blake C. Esherick v. Barbara A. Gill, a proceeding in the Circuit Court for Montgomery Court. In that Statement, Mr. Esherick "affirm[s] under penalties of perjury" that his "total monthly income" is "$12,500."

- Government Exhibit No. 553 is a two-page credit card application that represents that he works at Douglas Development and that his "Gross Income" is "$150,000."

## DISCUSSION

Bruton v. United States held that there was a narrow exception to the rule that jurors are presumed to follow instructions not to consider certain evidence when the evidence involves an out-of-court confession by a codefendant that directly implicates the other codefendant on trial. 391 U.S. 123 (1968).[1] In a subsequent case, the Supreme Court held that a statement of a codefendant introduced at trial does not raise Bruton issues where "the confession was not incriminating [of the other codefendant] on its face, and became so only when linked with" other evidence introduced at trial. Richardson v. Marsh, 481 U.S. 200, 208 (1987). A third case on this topic, Gray v. Maryland, confirmed that "Richardson placed outside the scope of Bruton's rule those statements that incriminate inferentially." Gray, 523 U.S. 185, 195 (1998).[2]

---

[1] In Bruton, the statement introduced in evidence was a confession by codefendant Williams that he and Bruton had committed the offense of armed postal robbery. 391 U.S. at 124.

[2] Gray held that obvious deletions or blank spaces in a confession—omissions from which any juror can easily determine that the blank or deletion refers to the codefendant sitting in court—raise Bruton issues.

In keeping with those precedents, the D.C. Circuit has held that "statements that incriminate only inferentially are outside the scope of Bruton." United States v. Wilson, 160 F.3d 732, 740 n.5 (D.C. Cir. 1998). In Wilson, the Court held that a statement by a codefendant that he had gone to the home of two codefendants on the night of the murder did not violate Bruton because "[a]lthough [codefendant's] statement named [defendants], his statement was not a confession that 'facially incriminated' them * * * [because it implicated the defendants] only when it was linked with other evidence at trial." Id. at 740 n.5.

## I.  Blake Esherick's Statements Do Not Facially Incriminate Douglas Jemal.

There is no Bruton issue here because Blake Esherick's statements to credit card companies (Government Exhibit Nos. 39, 44, and 553) and to his divorce court (Government Exhibit No. 47) are statements that, whether true or not, say nothing of Douglas Jemal's belief or understanding about Blake Esherick's gross income. Without such direct evidence linking the statements to Mr. Jemal, the statements do not facially incriminate him, and thus Bruton is not implicated. See Gray, 523 U.S. at 195 ("Richardson placed outside the scope of Bruton's rule those statements that incriminate inferentially.").[3]

Moreover, since gross household income includes every form of income—not just compensation received from an employer—Mr. Esherick's statements about his "gross household income" (Government Exhibit No. 44), his "total monthly income" (Government Exhibit No. 47), and his "gross income" (Government Exhibit No. 553), also do not facially incriminate Douglas Jemal: for all the credit card companies and the divorce court knew (and for all the jury

---

[3] Indeed, unlike a typical confession that raises Bruton issues, an applicant to a credit card company might have an incentive to overstate his income.

would know, based solely on the four exhibits themselves—which is, of course, the test of whether they facially incriminate Mr. Jemal), Mr. Esherick had income from a variety of sources, not just from his employment at Douglas Development Corporation.

By way of contrast, Mr. Esherick did not state in the exhibits that (a) "Douglas Jemal pays me $150,000 and he approves my saying that," or (b) "Douglas Jemal signed off on my stating that my income is $200,000", or (c) "Douglas Jemal aided and abetted me in committing the offense of tax evasion." Nor will there be evidence that Douglas Jemal was ever contacted by a credit card company and agreed with Mr. Esherick's representations about his income. That type of evidence—in contrast to the evidence in these exhibits—would be facially incriminating.

Here, Government Exhibit Nos. 39, 44, 47, and 553 are nothing of that sort and are not barred by Bruton.

## II.    If the Court Were to Believe Bruton Applies, The Exhibits Can Be Redacted.

If the Court nonetheless concludes that the exhibits do implicate Bruton, the government respectfully submits that the remedy should be to redact any reference to Douglas Development. With no reference to Douglas Development—name, phone number, email address—in the exhibits, there can be no question whatsover that the documents strictly represent Blake Esherick's statements about income from all sources, including his salary.[4] Moreover, with such redactions, any inference regarding Mr. Jemal would only be because of other evidence in the trial, not because of the statements themselves. When statements only tend to incriminate based

---

[4] Government Exhibit No. 39 is the only document in this collection that even uses the term "salary"—a term that most clearly is linked to compensation received from an employer or employers.

on other evidence introduced at trial, they do not raise Bruton problems.  See Richardson, 481 U.S. at 208; Wilson, 160 F.3d at 740 n.5.

### III.   The Jury Can Be Instructed To Consider The Evidence Only Against Mr. Esherick.

With or without redactions to the exhibits, the Court can remove any risk of prejudice by instructing the jury as follows:

> "In this case, the Court has admitted into evidence certain documents that contain representations by defendant Esherick as to his income.  I specifically instruct you that you are to consider such evidence solely against Mr. Esherick, and not against any other defendant."

Moreover, it is well-recognized that different evidence may be admitted against various defendants.  The standard jury instructions inform the jury that they must consider the evidence properly admitted against each defendant in determining whether the government has proved the guilt of that defendant.  The evidence in Government Exhibit Nos. 39, 44, 47, and 553 is very straightforward.  There is no reason to believe that the jury would not be able to segregate the evidence, appropriately compartmentalize it, and follow an appropriate limiting instruction.[5]

The documents at issue constitute powerful evidence against Mr. Esherick, and it would impose a heavy cost to the truth-seeking process to exclude them from the jury's consideration.  This is precisely the circumstance where a limiting instruction is appropriate and sufficient.

---

[5]   Given that the government does not seek to admit the evidence against Douglas Jemal, defendant's citation to Crawford v. Washington, 541 U.S. 36 (2004), is inapposite.

## CONCLUSION

Defendant's motion should be denied.

                                              Respectfully submitted,

                                              KENNETH L. WAINSTEIN
                                              UNITED STATES ATTORNEY

By:        _____
                  Mark H. Dubester, D.C. Bar No. 339655
                  Timothy G. Lynch, D.C. Bar No. 456506
                  Assistant United States Attorneys
                  555 4th Street, NW
                  Room 5233
                  Washington, D.C. 20530
                  (202) 353-4862

## CERTIFICATE OF SERVICE

I hereby certify that, on this 17th day of September, 2006, I caused to be served by electronic filing a copy of the foregoing motion to:

Michele A. Roberts, Esquire
Jeffery M. King, Esquire
Counsel for Douglas Jemal
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, NW
Washington, D.C. 20036

Paul F. Kemp, Esquire
Counsel for Blake C. Esherick
Venable LLP
One Church Street, Fifth Floor
Rockville, MD 20850

Reid H. Weingarten, Esquire
Erik L. Kitchen, Esquire
Brian M. Heberlig, Esquire
Counsel for Douglas Jemal
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036

Carol Elder Bruce, Esquire
Lawrence B. Bernard, Esquire
Counsel for Blake C. Esherick
Venable LLP
575 Seventh Street, NW
Washington, D.C. 20004

Christopher B. Mead, Esquire
Counsel for Douglas Jemal
London & Mead
1225 19th Street, NW, Suite 320
Washington, D.C. 20036

Stanley McK. Brand, Esquire
Ross A. Nabatoff, Esquire
Counsel for Norman D. Jemal
Brand Law Group
923 15th Street, NW
Washington, D.C. 20005

/s/ Mark H. Dubester
Mark H. Dubester
Assistant United States Attorney