UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| v. | ) | Cr. Nos.  05-0359-01, 02, 03 (RMU) |
| | ) | |
| DOUGLAS JEMAL, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**NORMAN D. JEMAL'S MOTION IN LIMINE
TO EXCLUDE EVIDENCE OF HIS FINANCIAL AFFAIRS INCLUDING EVIDENCE
RELATING TO HIS CASH WITHDRAWLS**

Defendant, Norman D. Jemal (Mr. Jemal), respectfully submits this motion in limine to preclude the government from introducing evidence relating to his financial affairs, including evidence relating to any of his cash withdrawals.  On September 21, 2006, in Mr. Jemal's trial, the government, through Darlene Brown, a Douglas Development Corporation (DDC) witness, began to attempt to present evidence pertaining to his compensation from DDC and the method that he utilizes to pay his personal bills, including his personal American Express charges.  Additionally, after the trial ended for the day, the prosecution indicated that it intended to produce evidence disclosing that, on some occasions, Ms. Brown would cash some of Norman Jemal's checks and provide him the cash.  According to the prosecution, this evidence of Mr. Jemal's financial affairs is relevant to establishing the conspiracy charged in Count One, *i.e.*, the conspiracy to bribe Michael Lorusso.

Nothing, however, could be further from the truth.  The government's attempt to present this evidence is simply a pretext designed: (1) to persuade the jury that Mr. Jemal's cash was used to bribe Mr. Lorusso despite an utter lack of any allegations in the indictment or any

evidence whatsoever, including from Mr. Lorusso, that Mr. Jemal was involved in any manner in providing cash to Mr. Lorusso; and (2) to taint Mr. Jemal before the jury by presenting evidence of Mr. Jemal's wealthy lifestyle.

Mr. Jemal is charged with conspiring to bribe Mr. Lorusso, a substantive bribery count, and a mail fraud count revolving solely around the alleged bribery.[1]  In a bribery case, the quintessential proof is corruptly providing an item of value to a public official with the intent to influence an official act.  *See United States v. Alfisi*, 308 F.3d 144, 149 (2d Cir.2002); *see also* 18 U.S.C. § 201(b)(1)(A).  By its explicit terms, therefore, the bribery statute renders irrelevant evidence relating to the process by which that item of value was procured.  The relevant evidence is that an item of value was provided to a public official in exchange for an official act.  Consequently, in this case, if Mr. Jemal's American Express card was used to provide an item of value to Mr. Lorusso, the fact that the method by which Mr. Jemal paid that bill is superfluous, irrelevant evidence.[2]  If Mr. Jemal had not paid his American Express bill or had even stolen an item of value that he subsequently provided to Mr. Lorusso, the prosecution could still prove a bribe by establishing beyond a reasonable doubt that Mr. Jemal corruptly provided the item of value to Mr. Lorusso with the intent to influence an official act.  Thus, the evidence of Mr. Jemal's compensation and the method by which he paid his American Express bills are simply irrelevant and this Court should bar the prosecution from presenting such evidence.  *See* Fed. R. Evid. 401, 402.

The irrelevance of such evidence is further emphasized by the prosecution's stated intent to present evidence relating to Mr. Jemal's use of his checking account to obtain cash.  The

---

[1] Mr. Jemal is also charged in a wire fraud count relating to MTD, but this motion in limine does not pertain to that count.

[2] Certainly, any American Express charges bearing no relation to any alleged bribes to Mr. Lorusso and the payments for those charges are patently irrelevant and have no place in this trial.

indictment fails to contain a single allegation that Mr. Jemal provided cash to Mr. Lorusso. The overt acts of the conspiracy are conspicuously silent as to Mr. Jermal's providing of cash to Mr. Lorusso. Thus, if this Court permits the prosecution to elicit such evidence, it will have permitted the prosecution to amend the indictment. *See United States v. Clemente*, 22 F.3d 477, 482 (2d Cir.1994) (defendant can be tried only on charged contained in the indictment). Now, the government will be able to argue to the jury that Mr. Jemal provided cash to Mr. Lorusso when, in fact, the grand jury failed to find probable cause to support such a conclusion, and the prosecution well knows that it lacks any evidence to support such an erroneous inference.

Furthermore, such evidence is also irrelevant to proving a conspiracy to bribe Michael Lorusso. The essence of any conspiracy is an agreement by two or more people to commit an offense against the United States and that an overt act was committed in furtherance of that agreement. *See United States v. Ceballos*, 340 F.3d 115, 123 (2d Cir. 2003). To convict Mr. Jemal of conspiracy to bribe Mr. Lorusso, the prosecution must establish beyond a reasonable doubt that Mr. Jemal knew of the conspiracy, joined it, and possessed the intent to commit the offense of bribery. *Id*. at 123-24. In other words, without an agreement, there is no conspiracy, and the fact that DDC hired Mr. Jemal and compensated him for his work is blatantly irrelevant to proving the existence of any such alleged illegal agreement. Moreover, the mechanism by which Mr. Jemal pays for his personal bills, whether credit card bills or regular bills, or the fact that Mr. Jemal receives cash is also similarly irrelevant. Such evidence fails to provide even an inference of any illegal agreement to bribe Mr. Lorusso.

Assuming, however, that this Court believes such evidence to be relevant, it still should exclude it pursuant to Fed. R. Evid. 403. Fed. R. Evid. 403 permits this Court to exclude any relevant evidence if the probative value of such evidence is outweighed by the danger of unfair

prejudice, confusion of the issues, or misleading of the jury.  *See* Fed. R. Evid. 403; *see also United States v. Turner*, 2006 U.S. Dist. LEXIS 46892 (D.D.C. July 12, 2006).  When analyzing Fed. R. Evid. 404(b) and 403, this Circuit has emphasized that such evidentiary rules are "designed to ensure a defendant a fair and just trial based upon the evidence presented, not upon impermissible inferences of criminal disposition or by confusion of the issues."  *United States v. Foskey*, 636 F.2d 517, 525 (D.C.Cir. 1980).  By allowing the prosecution to present evidence relating to Mr. Jemal's financial affairs, including his cash withdrawals, this Court will allow Mr. Jemal to be tried on the bribery allegation based not upon the evidence but upon unsupported, irrelevant inferences.  The evidence pertaining to his cash withdrawals can affect the jury in only one way: the jury will believe that the cash withdrawals equate to bribes of Michael Lorusso despite the fact that the prosecution knows that such bribes **never** occurred.  This Court cannot permit such a scenario to occur.  It should compel the prosecution to prove its case without resort to irrelevant, inflammatory evidence.

  Finally, the evidence of Mr. Jemal's financial affairs is especially prejudicial to him because he is not charged in the tax counts.  Throughout this trial, the jury has heard—and will continue to hear—a plethora of evidence relating to the tax counts, including evidence concerning DDC checks to Mr. Escherick.  If this Court permits the prosecution to present the same type of evidence regarding Mr. Jemal, there is a substantial likelihood that the jury will believe that Mr. Jemal is a participant in the alleged tax allegations and hold that negative inference against him when considering the bribery counts.  In other words, such evidence will provide the prosecution another avenue to taint Mr. Jemal before the jury.  Mr. Jemal will be irreparably prejudiced by the inclusion of such evidence, and consequently, because such

evidence is irrelevant and any possible relevance is significantly outweighed by its prejudicial impact to Mr. Jemal, this Court should grant this motion in limine and exclude it.

Wherefore, for the foregoing reasons, Mr. Jemal respectfully requests that this Court preclude the prosecution from introducing evidence relating to his financial affairs, including the method by which he is compensated, the mechanism by which his personal bills are paid, and the fact that he receives cash at intervals during the year. Such a ruling would be consistent with the facts and the law.

Respectfully submitted this _____ day of September, 2006.

_____
Stanley M. Brand
Ross A. Nabatoff
The Brand Law Group
923 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 662-9700
Counsel for Norman Jemal