UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES,** | ) ) ) |  |
| v. | ) ) | Cr. Nos.  05-0359-01, 02, 03 (RMU) |
| **DOUGLAS JEMAL, ET AL.,** | ) ) |  |
| **Defendants.** | ) ) |  |

**NORMAN D. JEMAL'S REPLY TO THE
GOVERNMENT'S OPPOSITION TO HIS MOTION IN LIMINE**

Defendant, Norman D. Jemal (Mr. Jemal), respectfully submits this reply to the government's opposition to his motion in limine.  In its opposition, the prosecution asserts that Mr. Jemal's "sequence of cashed checks is consistent with an unusual attempt to amass cash."  Opposition, p. 3.  Such an assertion is ludicrous.  The prosecution ignores its own evidence, which reveals that Mr. Jemal traveled to Europe, including France and Italy in August and September, 2001.  *See* Government Exhibit 65.6-65.8.  In addition, the government's theory that Mr. Jemal's cash withdrawals are connected to possible bribes is nonsensical considering the government lacks any evidence whatsoever to connect Mr. Jemal to any cash bribes.  Finally, the government's theory that the "precise handling of the credit card expenditures is critical to understanding the charges in this case is a feeble attempt to introduce irrelevant, inflammatory evidence.  The charges are easy to understand, and the question is whether the prosecution can prove each and every element of the offense beyond a reasonable doubt.  The mechanism by which Mr. Jemal paid his American Express bills is irrelevant to the bribery allegations, and therefore, this Court must bar the presentation of such evidence.

Page 2

Respectfully submitted this ____ day of September, 2006.

                                                                        _____

Stanley M. Brand
Ross A. Nabatoff
The Brand Law Group
923 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 662-9700
Counsel for Norman Jemal