UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
UNITED STATES,                          )
                                        )
        v.                              )        Crim. No.  05-0359-1, -2, -3 (RMU)
                                        )
DOUGLAS JEMAL, et al.,                  )
                                        )
                Defendants.             )
_____)

**REPLY MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION *IN LIMINE*  TO EXCLUDE
CERTAIN GOVERNMENT WITNESSES PURSUANT TO RULE 403**

The Court should preclude the government from calling certain individuals who engaged in failed lease negotiations at 4800 Addison Road because any probative value of their testimony is substantially outweighed by the waste of time and delay that would result from the presentation of such needless and cumulative evidence.

The government's claim that this motion should have been filed with the Joint Pretrial Statement is frivolous.  The government refused to disclose its witness list to Defendants until approximately one week prior to trial.  Obviously, the Defendants could not have anticipated that the government would call these irrelevant witnesses before it received a witness list.

Notably, the government does not dispute that Michael Lorusso does not contend that the rental rate paid by the District for the 4800 Addison Road property was excessive in any respect.  In fact, from a review of the Jencks material, Defendants anticipate that Mr. Lorusso will testify that he determined the rental rate from a prior comparable District deal.  This effective concession by the government reveals precisely why the evidence regarding the

reasonableness of the rent at Addison Road is irrelevant.  Even the government's chief cooperator does not contend that the District overpaid for the impound lot.

The government's claim that Defendants obtained the Addison Road lease "all because of one man," Opp'n at 2, is a gross mischaracterization of the evidence.  Mr. Lorusso acted at the behest of the highest officials in the District government in securing the impound lot lease.  This was not a secretive side deal -- it was known and approved by the highest levels of the District's government.  Neither Mr. Lorusso nor Douglas Development snuck this deal by anyone.  The District had a desperate need for an impound lot and Douglas Jemal delivered.  The economic terms of the deal were known and approved by all relevant decision-makers.

The government's further claim that these witnesses will establish that the Defendants were desperate to lease Addison Road before they met Mr. Lorusso is also refuted by the evidence.  The purchase price of Addison Road was a mere $1.5 million.  The monthly mortgage payment on this property was a pittance in the context of Douglas Jemal's portfolio.  It could have sat empty for decades with no adverse financial consequences to Douglas Jemal.  Further, the government mischaracterizes the evidence it will elicit from these 5 witnesses (at least as far as Defendants can tell from the documents and Jencks materials).  The record strongly suggests that these potential witnesses wanted to lease the Addison Road property at lower rental rates but Douglas Development refused and no lease agreements were ever executed.

Finally, if the Court is inclined at all to permit this testimony, Defendants respectfully request that the Court reserve ruling until after Mr. Lorusso testifies.  Defendants anticipate that at the conclusion of Mr. Lorusso's testimony it will be abundantly clear that the

rental rate at Addison Road is not at issue.  It the testimony of these witnesses is a mere 20 minutes on direct, as the government suggests, it would not disrupt the government's case if the Court requires these witnesses to be called after Mr. Lorusso, if at all.

The five witnesses at issue are:  Ralph Haught, Mark Loesberg, Saul Goldfarb, Marie C. Thomas, and John Spivey.  The Court should preclude the government from calling these peripheral and unnecessary witnesses.

Respectfully submitted,

_____
Reid H. Weingarten (D.C. Bar #365893)
Brian M. Heberlig (D.C. Bar #455381)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795
 (202) 429-3000

Michele A. Roberts (D.C. Bar #337998)
Jeffrey M. King (D.C. Bar #461644)
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C.  20036
(202) 887-4306

Christopher B. Mead
London & Mead
1225 19th Street, N.W., Suite 320
Washington, D.C.  20036
(202) 331-3334

Counsel for Douglas Jemal


Stanley M. Brand
Ross Nabatoff
The Brand Law Group
923 Fifteenth Street, N.W.
Washington, D.C.  20005

(202) 662-9700

Counsel for Norman Jemal

Paul Kemp
Carol Elder Bruce
Venable LLP
575 7th Street, N.W.
Washington, D.C.  20004
(202) 344-4400

Counsel for Blake Esherick

Dated:  September 26, 2006