UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES, ) | |
| ) | |
| v. ) | Crim. No. 05-359-1, -2, -3 (RMU) |
| ) | |
| DOUGLAS JEMAL, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION *IN LIMINE* TO PREVENT
THE GOVERNMENT FROM ELICITING IRRELEVANT,
SPECULATIVE AND TIME CONSUMING TESTIMONY
FROM D.C. GOVERNMENT OFFICIALS**

On October 10, 2006, counsel for Douglas Jemal conferred in person with Government counsel, but the parties were unable to resolve the issues in this motion without litigation.

The Government proposes to call former City Administrator John Koskinen as a witness on Wednesday or Thursday of this week.[1]  Defendants Douglas Jemal, Norman D. Jemal, and Blake Esherick ("Defendants") understand that the Government intends to ask Mr. Koskinen hypothetical questions about what he would have done if he had known about the allegations at the heart of the government's case.  Specifically, the Government plans to ask questions along the lines of: "Would you have supported leasing the Addison Road property if you had known that the Defendants paid for Michael Lorusso's hotel room in Las Vegas?"  or "Would you have approved the purchase of Addison Road if you had known that the Defendants gave Michael Lorusso a watch?"  Pursuant to Federal Rules of Evidence 401, 402, and 403, Defendants

---

[1] The Government's witness list includes additional witnesses where the same issues might arise.

respectfully request that the Court prohibit Government counsel from asking such hypothetical questions because any resulting testimony would be irrelevant and highly speculative. Moreover, any possible probative value is substantially outweighed by the needless waste of the Court's and the jury's time.

Defendants are not seeking to prevent the Government from asking factual questions about what D.C. officials actually knew. Defendants understand, for example, that the Government may ask Mr. Koskinen or other D.C. officials whether Lorusso told them that he had received things of value from Douglas Development. Defendants simply seek to preclude speculative, prejudicial and time-consuming testimony about what these officials might have done over five years ago assuming (1) that the Government's allegations are true and (2) that the officials had known about them at the time.

## I.    Testimony About the Intent or State of Mind of D.C. Officials Is Irrelevant

In support of the bribery charges in the Indictment, the Government alleges, in substantial part, that the Defendants provided various things of value to Michael Lorusso in order to influence him or induce him to perform a series of official acts. As Government counsel consistently emphasize, the issue is the intent of the Defendants – whether or not the Defendants Douglas Jemal, Norman Jemal, and Blake Esherick acted with corrupt intent to influence Lorusso when and if they gave him things of value. In fact, the Government has made the dubious claim that *even Lorusso's intent* is not relevant to the question of the Defendants' guilt or innocence.[2] Under the Government's

---

[2] *See, e.g. Government's Proposed Jury Instruction No. 2.6; Government's Motion in Limine to Preclude Defendants From Introducing Evidence or Arguing that Others In Addition to Michael Lorusso Were Involved in Government Decisions.*

2

own theory, then, the intent or state of mind of other D.C. officials is not relevant to the charges in the Indictment.

Defendants are not suggesting that the involvement of these D.C. officials is irrelevant. To the contrary, their involvement in approving the leases, touring the space, and transferring funds to Douglas Development is directly relevant to the issue of Defendants' intent. That so many other officials were involved in these transactions makes it all the more unlikely that the Defendants would not have believed that bribing Lorusso would produce substantial benefits, and therefore casts doubt on their intent to bribe him. Similarly, as detailed above, Defendants do not seek to prevent the Government attorneys from asking D.C. officials whether Lorusso told them about these alleged gifts. Defendants merely seek to preclude the Government from asking these officials hypothetical questions about their subjective state of mind – questions such as "Would you still have supported this lease had you known . . .?" The Government attorneys themselves have consistently maintained that such evidence is irrelevant. In this case, the Defendants agree. Pursuant to rules 401 and 402 of the Federal Rules of Evidence, the Court should exclude such testimony as irrelevant and preclude the Government attorneys from asking these hypothetical questions.

## II.     The Testimony Will Waste Valuable Court Time

Even if this "what-if" testimony were somehow marginally relevant, the Court should exclude it pursuant to Federal Rule of Evidence 403, which provides that even relevant evidence, "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative

3

evidence." The government's proposed line of questioning will result in a waste of the Court's time which far outweighs any possible probative value of such testimony.

Specifically, if the Court permits the government's hypothetical line of questioning of D.C. officials, then the Court and the jury will be forced to endure a lengthy review of all of the bribery allegations and defenses for each different D.C. official that testifies. For example, defense counsel might ask hypothetical questions about whether Mr. Koskinen would still support the Addison Road lease, regardless of any alleged gifts to Lorusso, if he knew that the an expert witness will testify that the Addison Road property was worth as much as $15,000,000 to the District as an end user of the property. Defense counsel could review each element of the expert's opinion, and ask Mr. Koskinen hypothetical questions about how each factor would have influenced Mr. Koskinen's thinking.

Accordingly, every time that the Government asks a D.C. official a hypothetical question about what she would have done "had she known" about the Rolex birthday gift or the prepaid Las Vegas hotel room, Defendants will have to ask the same official what she would have done "had she known" about the facts supporting their defense: "Would your answer be any different if you knew that the watch was a Birthday gift?" "Would you object to the Defendants paying for Michael Lorusso's dinner if you knew that Michael Lorusso paid for their dinners as well?" "Would the allegation that the Defendants paid for Michael Lorusso's hotel room at the Bellagio change your opinion on whether the city should sign the Addison Road lease even if you knew that the rent per square foot at Addison Road was the same as the rent that the Metropolitan Police Department paid for their impound lot?" "Would you have been concerned about the

4

MCI tickets if you knew that there were ten other people in the box? How about 15?" Predictably, on redirect, the government will stretch the hypotheticals still further in an effort to undermine the defense.

In short, the questioning of each D.C. official will degenerate into a mini-trial of the government's bribery allegations. Neither the Court nor the jury should be enforced to endure this battle of "what-ifs." This trial has gone on for too long to permit such a waste of the Court's and the jury's time rehashing old evidence. Pursuant to rule 403 of the Federal Rules of Evidence, the Court should prohibit the government from asking D.C. officials to speculate about what they would have done "had they known . . ." because any possible probative value is far outweighed by the needless waste of time. *See, e.g., United States v. Bari,* 750 F.2d 1169, 1179 (2d Cir. 1984)(Court did not abuse its discretion in excluding testimony that would have required a "mini trial" on a witness' sanity and turned into a "time-wasting, confusing digression . . .").

The balancing under rule 403 tips even further in favor of exclusion in light of the impossibly speculative nature of the proposed testimony. In essence, Government counsel seek to ask these D.C. officials to put themselves back in 2001 and 2002 and assume that the events of the past five years – all of the council hearings and lost jobs and indictments – had never happened, assume further that they have knowledge of the allegations in the Indictment, and assume finally that those allegations are true. Any testimony that could result is hopelessly speculative and unfairly prejudicial to the Defendants and should be precluded under rule 403.

**III.    Conclusion**

As detailed above, the Defendants understand that the Government may ask the D.C. officials if they were told that or were aware the Defendants had given Michael Lorusso certain things of value.  Defendants do not seek to preclude these questions.  As a result, the Government's proposed "what-if" line of questioning is unnecessary.  It is also irrelevant, unduly speculative, prejudicial, and a waste of time.  For all of the foregoing reasons, Defendants' respectfully request that the Court grant this Motion and prohibit the Government from asking District officials to speculate on what they would have done "had they known" of the allegations at issue in the instant Indictment.

Respectfully submitted,

_____/s/_____
Reid H. Weingarten (D.C. Bar #365893)
Brian M. Heberlig (D.C. Bar #455381)
Steptoe & Johnson, LLP
1330 Connecticut Ave., N.W.
Washington, D.C. 20036-1795
(202) 429-3000

Michele A. Roberts
Akin Gump Strauss Hauer & Feld, LLP
1333 New Hampshire Ave., N.W.
Washington, D.C. 20036
(202) 887-4306

Christopher B. Mead
London and Mead
1225 19th Street
Suite 320
Washington, D.C. 20036
(202) 331-3334

Counsel for Douglas Jemal

Stanley M. Brand
Brand Law Group
923 Fifteenth St., N.W.
Washington, D.C. 20005
(202) 662-9700

Counsel for Norman Jemal

Paul Kemp
Venable, LLP
One Church Street, Fifth Floor
Rockville, MD 20850
(202) 344-4400

Counsel for Blake Esherick

Dated: October 11, 2006