UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES, | ) ) ) | |
| v. | ) ) | Cr. Nos.  05-0359-01, 02, 03 (RMU) |
| DOUGLAS JEMAL, ET AL., | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM IN SUPPORT OF NORMAN D. JEMAL'S
MOTION FOR JUDGMENT OF ACQUITTAL ON COUNT FIVE**

Defendant, Norman D. Jemal, pursuant to Fed.R.Cr.P. 29, respectfully submits this Motion for Judgment of Acquittal on Count Five.  While Norman Jemal joins in and endorses the various Motions for Judgment of Acquittal that the defendants will file in this case, he believes that this motion is necessary to elucidate to this Court the prosecution's failing to establish, pursuant to any evidentiary standard, Norman Jemal's knowing participation in the scheme alleged in Count Five. Count Five alleges that Norman Jemal, Douglas Jemal, and Blake Esherick engaged in a wire fraud scheme to defraud Morgan Stanley, Joseph Cayre and the Internal Revenue Service (IRS) by creating an allegedly sham entity, MTD, and then obtaining $430,039.08 from Morgan Stanley via a purportedly false MTD invoice that the defendants submitted to Morgan Stanley.[1]  In other words, unless the prosecution proves, beyond a reasonable doubt, that the MTD invoice was false and that the defendants' knew it was false, the

---

[1] By filing this motion, Mr. Jemal does not concede that MTD was a sham entity, that any invoice was false, or that any entity or individual was defrauded.  The defendants' other motion for judgment of acquittal on Count Five will deal with those issues.

defendants are entitled to a judgment of acquittal.[2]  The prosecution, however, has utterly failed to prove that Norman Jemal knew of the invoice, that it contained purported falsities, and that it was submitted to Morgan Stanley.  Consequently, this Court should grant Norman Jemal's Motion for Judgment of Acquittal on Count Five.

In determining a motion for judgment of acquittal, this Court "must consider the evidence in the light most favorable to the government and determine[e] whether, so read, it is sufficient to permit a rational trier of fact to find all the essential elements of the crime beyond a reasonable doubt."  *United States v. Kayode*, 254 F.3d 204, 212-13 (D.C. Cir.2001); *United States v. Safavian*, 2006 U.S. Dist. LEXIS 64587 (D.D.C. September 12, 2006).  However, "the Government's case cannot rest on mere suspicion, conjecture or speculation.  There must be sufficient credible evidence and justifiable inferences of fact from which a reasonable mind might fairly conclude guilt beyond a reasonable doubt."  *United States v. Skinner*, 425 F.2d 552, 554 (D.C. Cir.1970).  Indeed, this Court should not "indulge in fanciful speculation or bizarre reconstruction of the evidence."  *United States v. Recognition Equipment Inc.*, 725 F.Supp. 587, 588 (D.D.C. 1989).  Instead, this Court must "take a hard look at the evidence and accord the government the benefit of only 'legitimate inferences.'"  *Id.* (quoting *United States v. Singleton*, 702 F.2d 1159, 1163 (D.C. Cir.1983)).

When reviewing the record evidence regarding Norman Jemal's involvement, or more precisely, lack of involvement in the MTD transaction, this Court cannot conclude that a reasonable trier of fact could find all the essential elements of wire fraud beyond a reasonable doubt.  To convict Norman Jemal of the wire fraud alleged in Count Five, the prosecution must

---

[2]   In determining this motion, the Court should analyze the evidence presented in the government's case-in-chief and on cross-examination of the government's witnesses.  *United States v. Brodie*, 403 F.3d 123, 133-34 (3d Cir. 2005).

Norman D. Jemal's Motion for Judgment of Acquittal
 on Count Five
Page 2

prove beyond a reasonable doubt: (1) a scheme or artifice to defraud or to obtain money or property existed; (2) Norman Jemal knowingly and willfully participated in the scheme or artifice to defraud knowing its fraudulent nature and with specific intent to defraud; and (3) the defendants used the interstate wires in furtherance of the scheme. *United States v. Howard*, 245 F.Supp.2d 24, 30-31 (D.D.C. 2003); *United States v. Alston*, 609 F.2d 531, 536 (D.C. Cir.1979). Simply put, to convict Norman Jemal of Count Five, the government must prove beyond a reasonable doubt that he knew of the alleged fraudulent scheme; that is, he was aware of the MTD invoice, that it contained purported falsities, and that it was transmitted to Morgan Stanley.

Yet, the record evidence conclusively establishes precisely to the contrary. Dave Medding provided no testimony linking Norman Jemal to the MTD invoice. Transcript, pp. 859, 863 (hereinafter "Tr."). Indeed, Mr. Medding never conversed with Mr. Jemal regarding the MTD invoice. Tr., pp. 863-64, 868. Kellian McIlwrath also failed to present any evidence linking Norman Jemal to the supposedly false MTD invoice. Tr., pp. 1149, 1155. Additionally, Ms. McIlwrath failed to involve Norman D. Jemal in any of the details surrounding the information contained on the MTD invoice. Tr., pp. 1156, 1159, 1166, 1186-87. Finally, in response to the prosecution's question regarding whether Norman Jemal was involved in the MTD transaction, she responded that she did not "remember talking to Norman about MTD." Tr., p. 1166. Similarly, Ms. Quinn, like the previous witnesses, did not provide any evidence linking Norman Jemal to the MTD invoice. Tr., p. 1377. Additionally, in response to the prosecution's question whether she had any contact with anybody else at Douglas Development regarding the MTD letterhead, Ms. Quinn replied, "I don't believe so." Tr., p. 1377.

Thus, since no witnesses presented any evidence linking Norman Jemal to the allegedly false MTD invoice, the prosecution must rely upon its documentary evidence to establish this

Norman D. Jemal's Motion for Judgment of Acquittal
 on Count Five
Page 3

essential element. The problem, however, is that the documents fail to establish that Norman Jemal was aware of the MTD invoice, that it was allegedly false, and that it was submitted to Morgan Stanley. Government exhibit 54.7 proves that Norman Jemal authorized the transfer of $400,000 of the MTD proceeds to Commercial Settlements, Inc., but government exhibit 54.10 establishes that Norman Jemal signed the wire authorization because his father could not sign because of shoulder surgery. Moreover, the fact that Norman Jemal signed the wire transfer and was a partner in a partnership that acquired a building using some of the MTD proceeds still does not establish, under any evidentiary standard, that Norman Jemal was aware of the invoice, that it was allegedly false, and that it was sent to Morgan Stanley. At a minimum, the prosecution must establish that Norman Jemal was aware of the allegedly illegal scheme, *i.e.*, that the MTD invoice was sent and that it was false. *See United States v. Klein*, 515 F.2d 751, 753 (3d Cir.1975) ("At a minimum, however, it must be shown that [a defendant] has knowledge of the conspiracy's illegal purpose when he performs acts which further that illicit purpose"). In this case, the prosecution has failed to do so, and therefore, Norman Jemal is entitled to a judgment of acquittal on Count Five. *United States v. Rahseparian*, 231 F.3d 1257 (10th Cir.2000) (mail fraud conviction reversed because of defendant's lack of knowledge of company's illicit acts).

      Wherefore, for the foregoing reasons, defendant, Norman D. Jemal, respectfully requests that this Court enter a judgment of acquittal on Count Five.

Norman D. Jemal's Motion for Judgment of Acquittal
 on Count Five
Page 4

Respectfully submitted this 14th day of October, 2006.

                                        _____
                                        Stanley M. Brand
                                        Ross A. Nabatoff
                                        The Brand Law Group
                                        923 Fifteenth Street, N.W.
                                        Washington, D.C. 20005
                                        (202) 662-9700
                                        Counsel for Norman D. Jemal

Norman D. Jemal's Motion for Judgment of Acquittal
 on Count Five
Page 5