# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES,** | ) <br> ) <br> ) |
| v. | )    Crim. No.  05-0359-1, -2, -3 (RMU) <br> ) |
| **DOUGLAS JEMAL, ET AL.,** | ) <br> ) |
|         **Defendants.** | ) <br> ) |

## NORMAN D. JEMAL'S REPLY TO THE PROSECUTION'S OPPOSITION TO HIS MOTION FOR JUDGMENT OF ACQUITTAL ON COUNT FIVE

      Defendant, Norman D. Jemal, respectfully submits his reply to the prosecution's opposition to his Motion for Judgment of Acquittal on Count Five. In his motion, Norman Jemal asserted that the prosecution utterly failed to establish his knowing participation in the wire fraud scheme alleged in Count Five.  Specifically, Mr. Jemal contended that the record evidence was devoid of any proof evincing that he knew of the MTD invoice, that it contained falsities, and that it was submitted to Morgan Stanley.  In its opposition, the prosecution fails to address this argument, instead posturing that the jury "can reasonable infer [Norman Jemal's] criminal intent based upon on the circumstances surrounding the use of the $400,000 to purchase 111 Massachusetts Avenue."  Opposition, p. 65.  According to the prosecution:

> [t]he jury can infer that, based upon Norman's position in the company . . ., his position as a partner of Douglas Jemal in the purchase of 111 Massachusetts Avenue, and the company-wide scramble to find sufficient funds to purchase the new property, Norman Jemal **would have known** about how the funds were acquired from Morgan Stanley.

Opposition, pp. 65-66 (emphasis added)

"Would have known," however, is not the correct legal standard. Regarding Norman Jemal's participation in the alleged wire fraud scheme charged in Count Five, the proper legal standard compels the prosecution to establish that Norman Jemal **knew** of the MTD invoice, that it contained falsities, and that it was submitted to Morgan Stanley. As evidenced by the prosecution's opposition to this motion, its evidence is completely lacking with respect to this critical point. Instead, the prosecution, piling inference upon inference, attempts to persuade this Court that Norman Jemal "would have known" how the funds were acquired from Morgan Stanley. Since the prosecution has failed to prove that Norman Jemal "knew" of the MTD invoice, that it contained falsities, and that it was submitted to MTD, Norman Jemal, pursuant to Fed.R.Cr.P. 29 is entitled to a judgment of acquittal on Count Five.[1]

                        Respectfully submitted,

                        Stanley M. Brand
                        Ross A. Nabatoff
                        Brand Law Group
                        923 Fifteenth St., N.W..
                        Washington, D.C.  20005
                        (202) 662-9700
                      Counsel for Norman D. Jemal

---

[1] The prosecution's claim that a "company-wide scramble" occurred to find funds to purchase the new building is frivolous. Opposition, p. 66. The evidence simply fails to support such a proposition.