UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES,** ) | |
| ) | |
| v. ) | Crim. No. 05-0359-1, -2, -3 (RMU) |
| ) | |
| **DOUGLAS JEMAL, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

### DEFENDANTS' RESPONSE TO THE COURT'S
### REQUEST FOR A PROPOSED *PINKERTON* INSTRUCTION

The Court, through its law clerks, has requested that the Defendants submit a proposed *Pinkerton* instruction by 6:00 p.m., October 17, 2006. Without waiving their objection that a *Pinkerton* instruction is not warranted in this case, Defendants submit the following proposed instruction:

> There is another method by which you may evaluate the possible guilt of a particular defendant for the substantive charge of bribery alleged in Count Two of the Indictment even if you do not find that the government has satisfied its burden of proof with respect to each element of the substantive crime.
>
> If, in light of my instructions, you find, beyond a reasonable doubt, that the defendant was a member of the conspiracy to commit bribery charged in Count One of the Indictment, and thus, guilty on the conspiracy count, then you may also, but you are not required to, find him guilty of the substantive crime charged against him in Count Two, provided you find, beyond a reasonable doubt, each of the following elements:
>
> First, that the crime charged in the substantive count was committed;
>
> Second, that the person or persons you find actually committed the crime were members of the conspiracy you found to have existed;
>
> Third, that the substantive crime was committed pursuant to the

- 2 -

common plan and understanding you found to exist among the conspirators;

Fourth, that the defendant was a member of that conspiracy at the time the substantive crime was committed;

Fifth, that the defendant could have reasonably foreseen that the substantive crime might be committed by his co-conspirators.

If you find all five of these elements to exist beyond a reasonable doubt, then you may find the defendant guilty of the substantive crime charged against him, even though he did not personally participate in the acts constituting the crime or did not have actual knowledge of it.

The reason for this rule is simply that a co-conspirator who commits a substantive crime pursuant to a conspiracy is deemed to be the agent of the other conspirators. Therefore, all of the co-conspirators must bear criminal responsibility for the commission of the substantive crimes.

If, however, you are not satisfied as to the existence of any of these five elements, then you may not find the defendant guilty of the substantive crime, unless the government proves, beyond a reasonable doubt, that the defendant personally committed, or aided and abetted the commission of, the substantive crime charged.

This proposed instruction comes directly from L. Sand et al., Modern Federal Jury Instructions (Matthew Bender 2005), Instruction 19.03.

Defendants respectfully submit that the Court should not give any instruction on *Pinkerton* liability as it relates to Counts Three, Five and Six through Seven -- substantive counts for which no corresponding conspiracy is charged in the Indictment. The commentary to Modern Federal Jury Instructions, Instr. 19-03, recommends that no *Pinkerton* instruction be given regarding counts that are not also charged as objects of a conspiracy charged in the indictment, for the following reasons:

> First, *Pinkerton* liability requires as a prerequisite that the defendant be guilty of the conspiracy. Even if a defendant can be guilty of an uncharged crime, a question which is not at all clear, the Seventh Circuit instruction, which contains only the barest sketch of the concept of criminal conspiracy, is insufficient for the jury to make a determination of guilt. At the least, a comprehensive set of conspiracy instructions should be included in the charge to the jury. Second, the absence of a conspiracy count can be attributable either to the government's failure to seek one, or to the grand jury's refusal to include one in the indictment. In either case, the government should not be permitted to have the benefit of *Pinkerton* without the responsibility of prosecuting the conspiracy count. Third, a case in which the indictment charges that the defendant committed a substantive offense, but the proof establishes that the defendant did not commit the offense himself, but instead was a member of a conspiracy and that the substantive offense was committed by another member of the conspiracy, creates a strong argument that there is a prejudicial variance, a point not discussed by the *Macey* [8 F.3d 462 (7th Cir. 1993)] court.

<u>See</u> <u>Modern Federal Jury Instructions</u>, Instr. 19-03 (commentary) (footnotes omitted). A copy of this model instruction and the commentary is attached as Exhibit A.

However, if the Court is inclined to give a *Pinkerton* charge related to Counts Three, Five and Six through Eight -- counts for which there is no conspiracy charge alleged in the Indictment -- Defendants propose that the Court add the following language to the jury instruction requested above:

> The Defendants are also charged with the crime of Mail Fraud in Count Three of the Indictment. Defendants Douglas Jemal and Blake Esherick are charged with the crime of Wire Fraud in Count Five and Tax Evasion in Counts Six through Eight. These offenses are not included as the object of any conspiracy charge in the Indictment. However, a defendant may be found guilty of these crimes, which were allegedly committed by a co-conspirator of the particular defendant, even though the defendant did not participate directly in the acts constituting the offense. That is because a conspiracy is a kind of partnership in crime and its members may be responsible for each others' actions. A defendant is responsible for an offense committed by another member of the conspiracy if the defendant was a member of the conspiracy when the offense

was committed and if the offense was committed in furtherance of, and as a natural consequence of, the conspiracy.  Before you may find a defendant guilty of Count Three under this theory, or DefendantsDouglas Jemal or Defendant Blake Esherick guilty of Count Five, Count Six, Count Seven or Count Eight you must find beyond a reasonable doubt:

1.  That the particular offense you are considering was committed by a co-conspirator of the defendant;

2.  That the defendant was a member of the conspiracy at the time the particular offense you are considering was committed;

3.  That the particular offense you are considering was committed during the existence of the conspiracy;

4.  That the particular offense you are considering was committed in furtherance of the conspiracy; and

5.  That the particular offense you are considering was a reasonably foreseeable consequence of the conspiracy.  It is not necessary to find that the crime was intended as part of the original plan, only that it was a foreseeable consequence of the original plan.

In order to determine whether a conspiracy existed at the time of the particular offense you are considering under this theory, whether the defendant was a member, and whether the particular offense you are considering was committed in furtherance of that conspiracy, you should follow the general conspiracy instructions that I have already given you with respect to Count One.

This instruction is taken from the Red Book, Criminal Jury Instructions for the District of Columbia § 4.02A, Instruction B, without including the portion of the instruction containing more detailed conspiracy instructions (which the Court will have already covered in the instructions relating to Count One).

Defendants specifically object to the portion of the government's proposed instruction that provides a hypothetical example of a situation in which the *Pinkerton* instruction could be applied to one of the specific charges in this case as unnecessary and prejudicial.

    Respectfully submitted,

_____
Reid H. Weingarten (D.C. Bar #365893)
Brian M. Heberlig (D.C. Bar #455381)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795
(202) 429-3000

Michele A. Roberts
Jeffrey M. King
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 887-4306

Christopher B. Mead
London & Mead
1225 19th Street, N.W.
Suite 320
Washington, D.C. 20036
(202) 331-3334

Counsel for Douglas Jemal


Stanley M. Brand
Ross Nabatoff
The Brand Law Group
923 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 662-9700

Counsel for Norman Jemal

- 6 -

        Paul Kemp
        Carol Elder Bruce
        Venable LLP
        575 7th Street, N.W.
        Washington, D.C. 20004
        (202) 344-4400

        Counsel for Blake Esherick

Dated: October 17, 2006