UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | **Criminal Action No. 05-359 (RMU)** |
| | : | |
| DOUGLAS JEMAL ET AL. | : | |

## GOVERNMENT'S OPPOSITION
## TO DEFENDANTS' OBJECTION TO GOVERNMENT'S CLAIM OF
## RIGHT JURY INSTRUCTION IN LIGHT OF EVIDENCE AT TRIAL

The United States of America, through its attorney, the United States Attorney for the District of Columbia, respectfully submits the following response to the defendant's objection to the government's proposed "claim of right" instruction.

In a nutshell, this is what the dispute is about: The government's evidence on the MTD transaction is that the defendants, to obtain money and property from Morgan Stanley, made fraudulent statements to Jemal's partner, and prepared and submitted a fraudulent invoice and fraudulent lien release to Morgan Stanley. The defendants, by such fraudulent means, obtained $430,000. The defendants wish to argue that because they believed were entitled to the money (vis-a-vis Jemal's partner), they committed no crime.

Though they deny taking such a position, the defendants' arguments suggest that the law permits them to use fraudulent devices as self-help. According to the defendants, if they are concerned that a bank will say "no" to a loan application or a construction draw request, they are allowed to use fraud to get the monies anyway (so long as they intend to repay or if they otherwise claim entitlement); if they have a financial dispute with their partner, even a valid one, they have no need to address the dispute honestly if resort to fraudulent means "will avoid disputes." The defendants' position is that they may commit crimes in pursuit of lawful ends –

sort of an ends justify the means approach.

This is not the law. For obvious reasons, a defendant is not entitled to resort to mail fraud or wire fraud as a means of "self-help" debt collection. As explained by the Second Circuit:

> If [petitioner's] theory of self-help were the law, anyone who believed that he was legally entitled to benefits from a pension plan, or an insurance policy, or a government program, but who was concerned that he or she might nevertheless be denied such benefits, would be given carte blanche simply to lie to obtain those benefits. Such a course of action would often be much easier than pursuing legal remedies through civil actions in court, and would guarantee success as long as the misrepresentation remained undiscovered. We will not encourage people to lie to obtain benefits rather than pursue their rights in civil actions. Such controversies may be resolved by civil suit or settlement, but cannot be won by using lies and deception.

United States v. Gole, 158 F.3d 166, 168-69 (2d Cir. 1998) (affirming conviction for mail fraud in rejecting claim trial court erred by preventing defense from raising claim-of-right defense), cert. denied, 526 U.S. 1078 (1999). Though the Second Circuit referenced certain benefits frauds, the same reasoning would naturally apply to the submission by an individual of fraudulent loan requests to obtain monies from a financial entity (as in this case). See United States v. Casey, 951 F.2d 892, 894 (8th Cir.1991) (that victim's debt to defendant exceed amount obtained by defendant through fraud is irrelevant to mail fraud liability), cert. denied, 504 U.S. 944 (1992); United States v. Richman, 944 F.2d 323, 330 (7th Cir.1991) ("mail fraud does not include a requirement that the defendant receive or intend to receive money or property in excess of an amount he was entitled to receive" (quotations and alterations omitted)); United States v. Martin, 798 F.2d 308, 310 (8th Cir. 1986) (affirming fraud conviction where trial court denied defense

motion to present defense that fraudulent transaction sought to obtain legitimately owed funds);

United States v. Vitello, No. CR.03-555, 2004 WL 2496877, at *5-*8 (E.D. Pa. Nov. 2, 2004)

(granting government motion in limine to preclude defense from presenting claim-of-right

defense in fraud trial).

The defendants' proposed instruction in some ways tracks the government's, with the

exception that the defendants have added following, truly confusing, and utterly self-serving

assertion:

> However, if a defendant knowingly submits an inaccurate or
> misleading invoice honestly believing that the inaccuracies are not
> material and that he would be entitled to receive the money even if
> the invoice was accurate, he is not guilty of wire or mail fraud.

This assertion makes no sense (and it certainly is not the law): the false invoice in this case–the

MTD invoice– was submitted precisely because the defendants intended to use it to deceive.

Moreover, how can a jury possibly assess whether a defendant "honestly believed *** that he

would be entitled to receive the money 'even if the invoice [or lien release] was accurate'" when

the very assumptions in the question, that the false invoice and fraudulent lien release could

somehow be made or conceived to be "accurate," have no basis in fact?

* * *

The government is willing to propose a compromise, that, we submit, is in fact fairly

close to the language proposed by the defendants. This proposal deletes the last sentence–the

sentence the defendants appear to find so objectionable--in the Government's Proposed Instruction No. 4.10[1]:

A "claim of right" to the money or property obtained or sought to be obtained by fraud is not a defense to mail fraud or wire fraud. A defendant may not resort to fraud to obtain payment of a debt.

Thus, even if a person or entity owes a defendant money, or a defendant is legally entitled to receive money from a person or entity, a defendant is not entitled to obtain that money by the commission of acts that constitute mail fraud or wire fraud; and if he does so, he is guilty of those offenses regardless of any claim he had to the money.

WHEREFORE, the government requests the above instruction be granted..

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By:

Mark H. Dubester, D.C. Bar No. 339655
Timothy G. Lynch, D.C. Bar No. 456506
Assistant United States Attorneys
555 4th Street, NW
Room 5233
Washington, D.C. 20530
(202) 353-4862

---

[1]    The sentence the government proposes deleting is: "In other words, a defendant is still guilty even if he honestly believed he was entitled to monies he obtained through false pretense, promises, or representations." This has the "honestly" term that the defendants claim to be confusing..